DONALD E. DEMAR ET AL. *v.* THE OPEN SPACE AND CONSERVATION COMMISSION OF THE TOWN OF ROCKY HILL
(13578)

PETERS, C. J., HEALEY, SHEA, CALLAHAN and COVELLO, Js.

Argued February 8—decision released June 6, 1989

---

*George C. Hastings,* with whom was *Peter A. Guter-mann,* for the appellants (plaintiffs).

*Gordon T. Allen,* for the appellee (defendant).

ARTHUR H. HEALEY, J. On or about April 29, 1987, the plaintiffs, Donald Demar and Dwelling Development Corporation, applied to the defendant, the open space and conservation commission of the town of Rocky Hill (the commission), for a permit to reconstruct a drainage outlet affecting a subdivision owned by Demar. The commission is a duly authorized and constituted board or agency of Rocky Hill and acts as that town's inland wetlands and watercourse agency pursuant to General Statutes §§ 22a-36 through 22a-45 and Rocky Hill ordinance No. 36-72, adopted in 1972.

The proposed subdivision was to be located on a 19.92 acre parcel that is bounded by Old Main Street on the west and the Penn Central rail line on the east. The site is bordered by residential housing along Old Main Street and by undeveloped land, a former landfill to the west of the railroad tracks. The undeveloped land contains Goff Brook, into which the storm water runoff from the parcel is dispersed, and drains into the Connecticut River flood plain, an area known as the Great Meadows. The permit applied for by the plaintiffs was for the construction of two drainage pipes beneath the railroad tracks to carry the discharge of storm water runoff into Goff Brook. A public hearing on this application was held on June 24, 1987. On September 29, 1987, the commission denied the application.

General Statutes § 22a-43 (a) provides that an appeal may be taken from a decision of a local inland wetlands agency by "[t]he commissioner [of environmental pro-

tection] or any person aggrieved . . . within fifteen days after the publication of such . . . decision . . . to the superior court . . . ." Prior to July 1, 1987, this statute also provided that "[n]otice of such appeal shall be served upon the inland wetlands agency. . . . " Effective July 1, 1987, this statute was amended to add that notice of such appeal also be served on the commissioner of environmental protection. Public Acts 1987, No. 87-338, § 8.[1] This amendment also added the language: "The commissioner may appear as a party to any action brought by any other person within thirty days from the date such appeal is returned to the court. . . . " Id.

---

[1] Public Acts 1987, No. 87-338, § 8, amended General Statutes § 22a-43 (a) in full as follows: "Sec. 8. Section 22a-43 of the general statutes is repealed and the following is substituted in lieu thereof:

"(a) [Any] THE COMMISSIONER OR ANY person aggrieved by any regulation, order, decision or action made pursuant to sections 22a-36 to 22a-45, inclusive, by the commissioner, district or municipality OR ANY PERSON OWNING OR OCCUPYING LAND WHICH ABUTS ANY PORTION OF LAND OR IS WITHIN A RADIUS OF NINETY FEET OF THE WETLAND OR WATERCOURSE INVOLVED IN ANY REGULATION, ORDER, DECISION OR ACTION MADE PURSUANT TO SAID SECTIONS may, within fifteen days after publication of such regulation, order, decision or action appeal to the superior court for the judicial district where the land affected is located, and if located in more than one judicial district, to said court in any such judicial district, except if such appeal is from a contested case, as defined in section 4-166, such appeal shall be in accordance with the provisions of section 4-183, except venue shall be in the judicial district where the land affected is located, and if located in more than one judicial district to the court in any such judicial district. Such appeal shall be made returnable to said court in the same manner as that prescribed for civil actions brought to said court. Notice of such appeal shall be served upon the inland wetlands agency AND THE COMMISSIONER. THE COMMISSIONER MAY APPEAR AS A PARTY TO ANY ACTION BROUGHT BY ANY OTHER PERSON WITHIN THIRTY DAYS FROM THE DATE SUCH APPEAL IS RETURNED TO THE COURT. The appeal shall state the reasons upon which it is predicated and shall not stay proceedings on the regulation, order, decision or action, but the court may on application and after notice grant a restraining order. Such appeal shall have precedence in the order of trial."

The language added by amendment in Public Acts 1987, No. 87-338, § 8 is indicated in capital letters.

On October 1, 1987, the plaintiffs filed an appeal to the Superior Court from the denial of their application. The citation and appeal were served only upon the commission; nothing was served upon the commissioner of environmental protection. On October 24, 1987, pursuant to Practice Book § 175, the plaintiffs amended their complaint by alleging, inter alia, that the commission had acted arbitrarily, illegally and in abuse of its discretion in its denial of their application. On May 5, 1988, the plaintiffs filed their brief in support of their appeal. On June 15, 1988, the commission filed a motion to dismiss[2] alleging that the court lacked subject matter jurisdiction because the plaintiffs had not served the commissioner of environmental protection with notice of the wetlands appeal as required by General Statutes § 22a-43 (a). On June 24, 1988, and June 29, 1988, the plaintiffs "served"[3] the commissioner with notice of the appeal. After the parties had filed briefs, the trial court held a hearing on the commission's motion to dismiss and granted that motion on August 23, 1988. The trial court, in its memorandum of decision, noted that the commission, in seeking dismissal of the appeal for lack of subject matter jurisdiction, argued that the plaintiffs "failed to serve the Commissioner of the Department of Environmental Protection with notice of appeal as required by Conn. Gen. Stat. § 22a-43." It pointed out that § 22a-43, which specifies the procedure for appealing the decision of an inland wetlands agency, had been amended by Public Acts 1987, No. 87-338. It indicated that § 8 (a) of the

---

[2] The commission's motion to dismiss recited the following:

"The defendant hereby moves the Court to dismiss the plaintiff's appeal for insufficiency of process and/or lack of subject matter jurisdiction for failure of plaintiffs to serve the Commissioner of the Department of Environmental Protection with notice of said appeal as required by C.G.S. 22a-43."

[3] At that time the plaintiffs served the commissioner with a writ, an "amended citation" and copies of both the original citation and complaint and the amended complaint.

1987 amendment stated that "[n]otice of such appeal shall be served on the inland wetlands agency *and the Commissioner* [of Environmental Protection]."[4] (Emphasis added.) The trial court, reasoning that " 'a statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created' "; *Chestnut Realty, Inc.* v. *Commission on Human Rights & Opportunities,* 201 Conn. 350, 356, 514 A.2d 749 (1986); determined that the plaintiffs' failure "to cite the commissioner as required by section 22a-43" deprived it of subject matter jurisdiction. Accordingly, it granted the commission's motion to dismiss. We do not agree.

On appeal, the plaintiffs claim that the belated service of notice upon the commissioner of environmental protection is merely a "circumstantial defect which does not make the appeal invalid." In doing so, they argue that: (1) the trial court erred in ruling that the delay in providing notice to the commissioner was a jurisdictional defect; (2) the trial court has not been deprived of its jurisdiction because they cured any defect in service before either the commission or the commissioner suffered any prejudice; (3) the belated service of notice upon the commissioner does not deprive the trial court of subject matter jurisdiction since the commissioner is not a necessary and indispensable party; (4) this court's holdings in *Simko* v. *Zoning Board of Appeals,* 205 Conn. 413, 533 A.2d 879 (1987) and 206 Conn. 374, 538 A.2d 202 (1988), and its progeny, do not require dismissal; and (5) the trial court's reliance on *Chestnut Realty, Inc.* v. *Commission on Human Rights & Opportunities,* supra, for the

---

[4] The trial court did not note or refer in its memorandum of decision to the additional language of the 1987 amendment immediately following this quoted language. The addition states: "The Commissioner may appear as a party to any action brought by any other person within thirty days from the date such appeal is returned to the court."

proposition that any defect in the bringing of an administrative appeal deprives the court of its subject matter jurisdiction is misplaced.

On the other hand, the commission claims that the failure of the plaintiffs to serve timely notice of the appeal upon the commissioner deprived the trial court of subject matter jurisdiction and mandated dismissal of the appeal. In doing so, the commission argues that: (1) the language of General Statutes § 22a-43 (a) is clear and unambiguous; (2) the right to appeal a decision of an administrative agency depends upon strict adherence to statutory procedures; (3) a jurisdictional defect cannot be cured by amendment, particularly the plaintiffs' attempt to do so over eight months after the appeal was taken; and (4) jurisdictional defects cannot be avoided on equitable grounds such as a lack of prejudice.

Initially, we consider whether our disposition of this appeal is mandated by our recent *Simko* line of decisions. See, e.g., *Simko* v. *Zoning Board of Appeals,* 205 Conn. 413, 533 A.2d 879 (1987) (*Simko I*); *Simko* v. *Zoning Board of Appeals,* 206 Conn. 374, 538 A.2d 202 (1988) (*Simko II*); *Andrew Ansaldi Co.* v. *Planning & Zoning Commission,* 207 Conn. 67, 540 A.2d 59 (1988); *Schwartz* v. *Planning & Zoning Commission,* 208 Conn. 146, 543 A.2d 1339 (1988). There is an ambiance on this appeal that *Simko* and its progeny do indeed harbinger dismissal. We do not agree that *Simko* and its progeny necessarily require dismissal. On this appeal, we are dealing with a different statute from those involved in the *Simko* line of cases. Those cases concerned appeals from the decisions of local zoning boards of appeals and planning commissions and involved our construction of General Statutes §§ 8-8 (b) and 8-28 (a). At that time, § 8-8 (b) provided in relevant part: "Notice of such appeal shall be given by leaving a true and attested copy thereof with, or at the usual place

of abode of, the chairman or clerk of said board, and by serving a true and attested copy upon the clerk of the municipality. . . . " In *Simko I,* the citation and other appeal papers failed to mention the clerk of the municipality (Fairfield). Despite this deficiency, the deputy sheriff served not only the board and the successful applicant for the variance involved, but he also personally served the Fairfield town clerk. *Simko I,* supra, 415. The trial court granted the board's motion to dismiss the appeal "pursuant to General Statutes § 8-8 (d) for the plaintiffs' failure, inter alia, to have named the clerk of the municipality in the citation as required by § 8-8 (b)." Id., 416. We affirmed.

"In *Simko I* we held that, under General Statutes § 8-8 (b), as amended by Public Acts 1985, No. 85-284, § 3, the clerk of the municipality, in addition to the chairman or clerk of the zoning board, is a statutorily mandated, necessary party who must be properly served in a zoning appeal brought pursuant to § 8-8. *Simko I,* supra, 418–19. We went on to hold that the failure to name the clerk of the municipality in the citation was a jurisdictional defect that rendered the administrative appeal subject to dismissal because a proper citation is essential to the validity of the appeal. Id., 420–21." *Simko II,* supra, 376. Shortly after *Simko II,* the General Assembly effectively overruled *Simko I* and *II* by Public Acts 1988, No. 88-79, § 1, effective April 20, 1988. Public Acts 1988, No. 88-79, § 1, amended § 8-8 (b) to provide as follows: "(b) Notice of such appeal shall be given by leaving a true and attested copy thereof with, or at the usual place of abode of, the chairman or clerk of said board, and by serving a true and attested copy upon the clerk of the municipality, PROVIDED SERVICE UPON THE CLERK OF THE MUNICIPALITY SHALL BE FOR THE PURPOSE OF PROVIDING ADDITIONAL NOTICE OF SUCH APPEAL TO SAID BOARD AND SHALL NOT THEREBY MAKE SUCH CLERK

A NECESSARY PARTY TO SUCH APPEAL. The appeal shall state the reasons upon which it has been predicated and shall not stay proceedings upon the decision appealed from, but the court to which such appeal is returnable may, on application, on notice to the board and on cause shown, grant a restraining order."[5] (Capital letters indicate language of amendment effected by Public Acts 1988, No. 88-79, § 1.) Our holding in *Schwartz* v. *Planning & Zoning Commission,* supra, handed down after the effective date of that public act, was such that we did not need to address its applicability in that case. *Schwartz* v. *Planning & Zoning Commission,* supra, 151 n.5.

The statute involved in the present appeal, i.e., § 22a-43, not only appears in another chapter of the General Statutes, but the portion of § 22a-43 involved contains significantly different language.[6] Although we explicate it later, we point out here that the specific language we refer to in § 22a-43 (a) is "[n]otice of such appeal shall be served upon the inland wetlands agency and the commissioner [of environmental protection]. The commissioner may appear as a party to any action brought by any other person within thirty days from the date such appeal is returned to court. . . . " Further, while certain legal principles stated in *Simko I* and *Simko II* undoubtedly remain fully valid, the action of the General Assembly in enacting Public Acts 1988, No. 88-79 effectively annuls the holding of *Simko* so that, were it otherwise, much weight would need to be given to any claim that *Simko* and its progeny directed our course in this appeal.

"Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy pre-

---

[5] The same public act also amended General Statutes § 8-28 (a) that concerns appeals from planning commissions by adding the identical language to § 8-28 (a). See Public Acts 1988, No. 88-79, § 2.

[6] See footnote 1, supra.

sented by the action before it. 1 Restatement (Second), Judgments § 11." *Craig* v. *Bronson,* 202 Conn. 93, 101, 520 A.2d 155 (1987). " ' "Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong." ' " *Henry F. Raab Connecticut, Inc.* v. *J. W. Fisher Co.,* 183 Conn. 108, 111–12, 438 A.2d 834 (1981); *E.M. Loew's Enterprises, Inc.* v. *International Alliance of Theatrical State Employees,* 127 Conn. 415, 420, 17 A.2d 525 (1941); *Case* v. *Bush,* 93 Conn. 550, 552, 106 A. 822 (1919); *People* v. *Western Tire Auto Stores, Inc.,* 32 Ill. 2d 527, 530, 207 N.E.2d 474 (1965). "A court does not truly lack subject matter jurisdiction if it has competence to entertain the action before it." *Monroe* v. *Monroe,* 177 Conn. 173, 185, 413 A.2d 819, appeal dismissed, 444 U.S. 801, 100 S. Ct. 20, 62 L. Ed. 2d 14 (1979); *Meinket* v. *Levinson,* 193 Conn. 110, 115, 474 A.2d 454 (1984); *Henry F. Raab Connecticut, Inc.* v. *J. W. Fisher Co.,* supra, 112.

We have said that "[a]lthough the term is sometimes loosely used, 'jurisdiction' in proper usage is the power in a court to hear and determine the cause of action presented to it. . . . '[T]he determination of the existence and extent of appellate jurisdiction depends upon the terms of the statutory or constitutional provisions in which it has its source.' " *LaReau* v. *Reincke,* 158 Conn. 486, 492, 264 A.2d 576 (1969); *Monroe* v. *Monroe,* supra; see *Lacks* v. *Lacks,* 41 N.Y.2d 71, 359 N.E.2d 384, 390 N.Y.S. 2d 875 (1976). Subject matter jurisdiction cannot be waived or conferred by consent. *Cahill* v. *Board of Education,* 198 Conn. 229, 238, 502 A.2d 410 (1985). The New York Court of Appeals, in discussing subject matter jurisdiction, said cryptically: "In other words, 'subject matter' does not mean 'this case' but 'this kind of case.' " *Matter of Rougeron,* 17

N.Y.2d 264, 271, 217 N.E.2d 639, 270 N.Y.S.2d 578, cert. denied, 385 U.S. 899, 87 S. Ct. 204, 17 L. Ed. 2d 131 (1966); see 20 Am. Jur. 2d, Courts § 105.

Where a decision as to whether a court has subject matter jurisdiction is required, every presumption favoring jurisdiction should be indulged. *Connecticut Light & Power Co.* v. *Costle,* 179 Conn. 415, 421 n.3, 426 A.2d 1324 (1980); see *Monroe* v. *Monroe,* supra, 177; *Tuccio* v. *Zehrung,* 164 Conn. 231, 232, 319 A.2d 406 (1973). The source of a court's jurisdiction is "the constitutional and statutory provisions by which it is created." *C.S.E.A., Inc.* v. *Connecticut Personnel Policy Board,* 165 Conn. 448, 456, 334 A.2d 909 (1973). The Superior Court of this state "shall be the sole court of original jurisdiction for all causes of action . . . ." General Statutes § 51-164s. The competency of persons such as the plaintiffs to appeal the denial of their application by the commission to the Superior Court is conferred by our statutes. See, e.g., General Statutes § 22a-43. The enactment by the General Assembly of the legislation involved created this cause of action and the jurisdiction to entertain it vested in the Superior Court and that court had competence to entertain the action.

It is necessary to examine § 22a-43 (a) to determine whether the trial court truly lacked subject matter jurisdiction and properly dismissed the appeal. "The meaning to be given a statute is determined by legislative intent and that legislative intent must be determined by language actually used in the legislation." *Eason* v. *Welfare Commissioner,* 171 Conn. 630, 634, 370 A.2d 1082 (1976), cert. denied, 432 U.S. 907, 97 S. Ct. 2953, 53 L. Ed. 2d 1079 (1977); *In re Juvenile Appeal (85-BC),* 195 Conn. 344, 353, 488 A.2d 790 (1985). "It is basic that a statute is to be construed as a whole." *Aaron* v. *Conservation Commission,* 183 Conn. 532, 548, 441 A.2d 30 (1981). When the statute is clear and unam-

biguous, there is no room for construction; id.; and, in that event, we will not adopt a construction not clearly stated by the legislature in the statute. *State* v. *Burns,* 194 Conn. 469, 472, 481 A.2d 1077 (1984). Common sense must be used in the construction of a statute. *Cilley* v. *Lamphere,* 206 Conn. 6, 12, 535 A.2d 1305 (1988); *Norwich Land Co.* v. *Public Utilities Commission,* 170 Conn. 1, 4, 363 A.2d 1386 (1975). "Legislative words are not inert, and derive vitality from the obvious purposes at which they are aimed." *Griffiths* v. *Commissioner of Internal Revenue,* 308 U.S. 355, 358, 60 S. Ct. 277, 84 L. Ed. 319 (1939).

General Statutes § 22a-43 (a) provides, as does § 8-8 (a), that an "appeal shall be made returnable to [the Superior Court] in the same manner as that prescribed for civil actions brought to [that] court." That statute also provides that "[n]otice of such appeal shall be served upon the inland wetlands agency and the commissioner." If "and the commissioner" were the only language[7] added to § 22a-43 by Public Acts 1987, No. 87-338, § 8, then the claim of the defendant commission that the commissioner is a necessary party to the appeal would be significant in construing this statute. The 1987 public act, however, also added the sentence immediately after the words "and the commissioner" that provides: "The commissioner may appear as a party to any action brought by any other person within thirty days from the date such appeal is returned to the court." It is quite true that this statute provides that appellants must "serve" notice of such appeal "upon the inland wetlands agency *and* the commissioner." (Emphasis added.) Unlike the defendant inland wetlands commission of Rocky Hill, however,

---

[7] Public Acts 1987, No. 87-338, § 8, also amended § 22a-43 (a) by adding additional language in the first sentence of this statute. That language is not crucial in our construction of the language in issue nor has any party on this appeal made any such claim.

the commissioner was not a party,[8] let alone a necessary party, when the appeal was taken and the defendant commission was served. Necessary parties have been described as " '[p]ersons having an interest in the controversy, and who ought to be made parties, in order that the court may act on that [matter] which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it. . . . ' " *Sturman* v. *Socha,* 191 Conn. 1, 6, 463 A.2d 527 (1983). The statute, as plainly written, does not provide that the commissioner "ought" to be joined but leaves that decision to the commissioner. At the time that the appeal was instituted the commissioner was not even a party to the appeal, nor did the legislature ever intend that as it left the choice whether to become a party entirely up to the commissioner for a period *after* the appeal had been returned to court. This is significant when we realize that "the determination of who is a necessary or a proper party in a proceeding to review the actions of an administrative agency is primarily governed by statute." *Simko I,* supra, 417. The language of § 22a-43 (a) that permits and leaves the choice up to the commissioner to "appear as a party . . . within thirty days from the date [the] appeal is returned to the court" clearly demonstrates that. Therefore, we hardly have a situation where, as we said in affirming *Simko I,* "the [commissioner of environmental protection] is a statutorily mandated necessary party to the proper institution of an appeal and must properly be served with true and attested copies of the appeal." *Simko II,* supra, 382; see also *Schwartz* v. *Planning & Zoning Commission,* supra, 151. The commissioner not only is not a necessary party, but the statute does not even

---

[8] The term "party" is not defined in the Inland Wetlands and Watercourses Act, General Statutes §§ 22a-28 through 22a-45, although that act does contain a definitional section. See General Statutes § 22a-38. We, therefore, assume that the legislature intended that it be given its usual meaning.

make him a party. It is clear, however, that the legislature by this language intended that the commissioner be given notice that an appeal had been taken.

This, however, does not end our inquiry because the purpose of the 1987 amendment was, inter alia, to give the commissioner notice that an appeal had been taken and to permit the commissioner alone to make the decision to appear or not to appear as a party. The commissioner, however, was not given notice in accordance with § 22a-43 (a) in the first instance. Does this truly deprive the trial court of subject matter jurisdiction? In this case, we think not. Arguing that § 22a-43 (a), insofar as the commissioner is concerned, requires only that notice be given to the commissioner, the plaintiffs maintain that the belated service of notice upon the commissioner constitutes only a circumstantial defect and not a defect that flaws subject matter jurisdiction.

We have held that certain defects were circumstantial and did not result in the deprivation of subject matter jurisdiction. See *Hartford National Bank & Trust Co.* v. *Tucker,* 178 Conn. 472, 479, 423 A.2d 121 (1979). In a zoning appeal, we said that, while the plaintiff's failure to provide a proper bond or recognizance was a "serious irregularity," it did not destroy the jurisdiction of the court over the subject matter. *Sheehan* v. *Zoning Commission,* 173 Conn. 408, 411, 378 A.2d 519 (1977). In *D'Andrea* v. *Rende,* 123 Conn. 377, 195 A. 741 (1937), a case that did not involve an administrative appeal but rather the dissolution of an attachment under the statute, we had to determine whether the defect in the prescribed statutory notice, as well as the judge's failure to take all the steps provided in the statute, deprived the court of subject matter jurisdiction. In *D'Andrea,* we opined that if the lack of notice was a "substantial defect," subject matter jurisdiction would be lacking, whereas if it was a "circumstantial

defect, a mere irregularity," such jurisdiction existed and the defect could be waived. *D'Andrea* v. *Rende,* supra, 380.

The problem presented here is not, however, to be solved only by facile resort to such terms as "a circumstantial defect," "a mere irregularity" or "a serious irregularity," the use of which arose under other circumstances. While "words acquire scope and function from the history of events which they summarize"; *Phelps Dodge Corporation* v. *National Labor Relations Board,* 313 U.S. 177, 186, 61 S. Ct. 845, 85 L. Ed. 1271 (1941) (Frankfurter, J.); we believe that in evaluating the defect complained of "[i]n the case at bar, also the logic of [such] words should yield to the logic of realities." *DiSanto* v. *Pennsylvania,* 273 U.S. 34, 43, 47 S. Ct. 267, 71 L. Ed. 524 (1927) (Brandeis, J., dissenting). In concluding in *D'Andrea* that the defect was circumstantial, we said that "[i]n determining whether [the] defect was fatal, the purpose of the statutory provision may be considered"; *D'Andrea* v. *Rende,* supra; and we then analyzed the statute. See also *State* v. *Delafose,* 185 Conn. 517, 521, 441 A.2d 158 (1981). We do likewise here, and, in applying this reasoning to § 22a-43 (a), we conclude, in the circumstances of this case, that the defect is such that it did not deprive the trial court of subject matter jurisdiction. To do otherwise would thwart the statutory purpose; see *Narel* v. *Liburdi,* 185 Conn. 562, 571, 441 A.2d 177 (1981), cert. denied, 456 U.S. 928, 102 S. Ct. 1974, 72 L. Ed. 2d 443 (1982); and reach a result that does not accord with common sense under these facts. See, e.g., *Cilley* v. *Lamphere,* supra. There is no question that the legislature intended to change the existing law by enacting Public Acts 1987, No. 87-338, § 8, when it provided for service to be made on the commissioner so that, upon notice to the commissioner, she could decide whether she wanted to become a party to the pending

appeal. That the legislature, in amending § 22a-43 (a) in 1987, left the choice of party status to the commissioner is evident. Moreover, in extending this option to the commissioner, it did so *after* the appeal was returned to and pending in the Superior Court as a viable appeal. See *Algonquin Gas Transmission Co.* v. *Becker,* 25 Conn. Sup. 448, 450, 206 A.2d 846 (1952) (*King, J.*). But "[e]very portion of a statute is presumed to have a separate and independent meaning"; *State* v. *Cook,* 183 Conn. 520, 521, 441 A.2d 41 (1981); and the clear intent of the language of Public Acts 1987, No. 87-338, § 8, giving the commissioner the option, once notified, to become a party within thirty days after the appeal is returned to court, demonstrates her "status." Even had the commissioner been timely served, she was not thereby even made a party, so not even a citation was necessary in serving the commissioner. Cf. *Simko I,* supra, 416, 420–21; *Simko II,* supra, 376, 382-83; see *Schwartz* v. *Planning & Zoning Commission,* supra, 150–51.

We do not have a case here in which the commissioner did not receive notice but one where she was aware that the motion to dismiss was pending. Nor do we have a case in which the belated service of notice on the commissioner "cured" a defect in subject matter jurisdiction because such jurisdiction existed in this case despite that belated service. Moreover, it cannot be seriously argued that the trial court could not have entered a valid judgment for or against the plaintiffs or the commission even without the commissioner as a party defendant. Nor is there any evidence or indication that the failure to have served the commissioner timely might result in unnecessary litigation later. See *Gill* v. *Shimelman,* 180 Conn. 568, 571, 430 A.2d 1292 (1980); F. James & G. Hazard, Civil Procedure (2d Ed. 1977) §§ 9.14—9.20, pp. 427–43. The United States Supreme Court "long ago established the principle that

the power of a court to afford a remedy must be coextensive with its jurisdiction over the subject matter." *Hamilton* v. *Nakai,* 453 F.2d 152, 156 (9th Cir. 1972), referring to *Riggs* v. *Johnson County,* 73 (6 Wall.) U.S. 166, 187, 18 L. Ed. 768 (1868). This principle is satisfied here. The trial court could have reached and decided the merits of this appeal and have afforded a remedy because it did have the subject matter jurisdiction to do so.

There is error, the judgment is set aside and the case is remanded with direction to deny the motion to dismiss.

In this opinion the other justices concurred.