[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The two matters before the court are companion cases. Each involves the same defendant and the same insurance coverage questions. The defendant, Kristina DeCapua [DeCapua], was injured in a two-car automobile accident on June 2, 1987, while a passenger in a car owned and operated by Caroline White [White]. White's automobile was insured by Hartford Accident Indemnity [Hartford], one of the the plaintiffs, for $20,000./$40,000. liability coverage. DeCapua received $2,000. from Hartford. DeCapua then sought to aggregate her uninsured/underinsured motorist coverage under her automobile policy issued by Allstate Insurance Co. [Allstate], the other plaintiff, and White's uninsured/underinsured motorist coverage. Both policies provide for $70,000./$40,000. underinsurance limits. Pursuant to the insurance contracts and Conn. Gen. Stat. 38-175c(a)(1), DeCapua's claims against the plaintiffs were arbitrated before a four-person panel on July 11, 1990.
Two arbitrators on the panel awarded DeCapua $20,000. in underinsured motorist coverage, $10,000. to be paid by each of the two plaintiffs, and the other two arbitrators dissented separately. In reaching its conclusion the panel found that DeCapua sustained damages equal to or exceeding $40,000. The panel decided that DeCapua should receive an additional $20,000. to cover the differential between the payment already received and the damages sustained. The panel decided to aggregate the uninsured/underinsured coverage under White's Hartford policy and DeCapua's Allstate policy to give DeCapua $40,000. uninsured/underinsured coverage.
Notice of the panel's decision was mailed to the parties on or after September 28, 1990. On October 22, 1990, Allstate applied to vacate or correct the arbitration award. On October 25, 1990, Hartford applied to vacate or correct the arbitration award. On November 13, 1990, the court, Meadow, J., granted Hartford's motion to transfer its case from the judicial district of Ansonia/Milford to the judicial district of New Haven. In both cases, DeCapua moved to confirm the arbitrator's award and moved to dismiss the applications to vacate.
1. DeCapua's Motions to Dismiss
A party may file a motion to dismiss to assert "lack of jurisdiction over the subject matter." Conn. Practice Bk. 143 (rev'd to 1989). "Subject matter jurisdiction involves the CT Page 1241 authority of a court to adjudicate the type of controversy presented by the action before it." Demar v. Open Space Conservation Commission, 211 Conn. 416, 423-24 (1989).
DeCapua argues that the court lacks subject matter jurisdiction over the cases because the plaintiffs filed the applications to vacate more than 30 days after notice of the arbitration award, as required by Conn. Gen. Stat. 52-420 (b). DeCapua argues that the date typed on the arbitration order is September 21, 1990 and that, therefore, the 30-day period to file an application to vacate expired on October 21, 1990. However,52-420 (b) states, "[n]o motion to vacate, modify or correct an award may be made after thirty days from the notice of the award to the party to the arbitration who makes the motion." Notice of the award triggers the beginning of the 30-day period.
Hartford encloses a copy of the letter accompanying the written decision of the arbitrators showing that arbitrator James O'Connor Shea mailed the decision on September 28, 1990. Hartford also submits an affidavit by Carla Ottaviano, an attorney for Hartford, who attests that she received notice of the award after September 28, 1990. Hartford timely filed the application to vacate on October 25, 1990, which is less than 30 days after notice. Allstate also encloses a copy of the transmittal letter and an affidavit by its attorney, Gerald H. Cooper, who at estates that neither he nor Allstate received notice of the award until October 1, 1990. Allstate's October 22, 1990 application to vacate was timely filed less than 30 days after notice.
For these reasons, DeCapua's motions to dismiss both applications are denied.
2. Plaintiffs' Applications to Vacate or Correct Award
The Superior Court has power to vacate an arbitration award, Conn. Gen. Stat. 52-418, or modify or correct an arbitration award, Conn. Gen. Stat. 52-419. "[W]here judicial review of compulsory arbitration proceedings required by 38-175c(a)(1) is undertaken under General Statutes 52-418, the reviewing court must conduct a de novo review of the interpretation and application of the law by the arbitrators." American Universal Insurance Co. v. DelGreco, 205 Conn. 178, 191 (1987). The present application is brought pursuant to 38-175c(a)(1), the uninsured motorist coverage statute, and 52-418. The court, therefore, must conduct a de novo review of the arbitrators' interpretation of the law.
Section 38-175c(b) sets forth the requirements for payment of uninsured/underinsured benefits. CT Page 1242
 (1) An insurance company shall be obligated to make payment to its insured up to the limits of the policy's uninsured motorist coverage after the limits of liability under all bodily injury liability bonds or insurance policies applicable at the time of the accident have been exhausted by payment of judgments or settlements, but in no event shall the total amount of recovery from all policies, including any amount recovered under the insured's uninsured motorist coverage, exceed the limits of the insured's uninsured motorist coverage.
 (2) For the purposes of this section, an `underinsured motor vehicle' means a motor vehicle with respect to which the sum of the limits of liability under all bodily injury liability bonds and insurance policies applicable at the time of the accident is less than the applicable limits of liability under the uninsured motorist portion of the policy against which claim is made under subdivision (1) of this subsection.
In Farm City Insurance Co. v. Stevens, 215 Conn. 157
(1990), the Supreme Court addressed an almost identical factual situation. There, the defendant was injured in an automobile accident while a passenger in a car owned and operated by the tortfeasor. The defendant's damages exceeded $50,000. The tortfeasor had a $25,000. automobile liability policy and $25,000. uninsured/underinsured coverage. The defendant recovered $25,000. under the tortfeasor's liability coverage. The defendant had $25,000. uninsured/underinsured motorist coverage under his wife's policy, which was issued by Farm City Insurance. The defendant sought payment from Farm City for underinsurance coverage and the parties proceeded to arbitration. The arbitrators concluded that the driver was underinsured by $25,000. and therefore ordered Farm City to pay $25,000.
The insurance company appealed and the Superior Court, O'Neill, J., vacated the award. The Supreme Court affirmed. It held that the driver's car was not underinsured because
 [t]he liability limits contained in the [driver's] policy were $25,000. The uninsured motorist limits contained in the [defendant's] policy were $25,000. Since the liability limits were not less than the uninsured motorist limits, the [driver's] vehicle was CT Page 1243 not underinsured.
Id. at 60.
Farm City controls the present cases. The liability limit of White's policy was $20,000. DeCapua's uninsured motorist coverage under her Allstate policy was $20,000. Therefore, the liability limit is not less than the uninsured motorist limit, as defined in 38-175c(b), and White's vehicle is not underinsured.
Accordingly, Allstate's application to vacate the $10,000. award imposed against it is granted because DeCapua is not entitled to any uninsured/underinsured motorist recovery.
For that same reason, Hartford's application to vacate the $10,000. award imposed against it is granted, as well.
Barry R. Schaller, Judge