[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiffs appeal a decision of the Commissioner of Environmental Protection concerning certain real property that they own along the Connecticut River in Cromwell. The defendant Department of Environmental Protection moves to dismiss the appeal for lack of subject matter jurisdiction.
The procedural history of this case includes a prior action involving the same parties, the same property, and the same issues, which culminated in the decision of our supreme court in Cannata v. Department of Environmental Protection,215 Conn. 616 (1990). In that case, the court held that the plaintiffs must first obtain a ruling from the Department concerning its jurisdiction over the proposed land use before raising that jurisdictional issue in court. Specifically, the court held that the Department must first be given the opportunity to determine for itself whether the proposed use of the land exempts it from departmental regulation under General Statutes 22a-439 before the plaintiffs may claim such an exemption in court. In so holding, the court observed CT Page 10606 that the statutes make two avenues available to the plaintiff for pursuing such an administrative determination. These are the permit application procedure under 22a-342 and the declaratory ruling procedure under 4-176. Cannata v. DEP, supra, 629, esp. n. 9. The court held, in effect, that since the plaintiffs did not utilize either of those procedures, they had failed to exhaust their administrative remedies. It thereupon affirmed the dismissal of their appeal on that basis.
In August 1990, one month after the court announced its decision in Cannata v. DEP, supra, plaintiff Michael Cannata submitted to the Department an "application for the clearing of approximately 70 acres of my property". It concerned the same property and consisted of a "Stream Channel Encroachment Permit Application," on a Departmental form, pursuant to General Statutes 22a-342, and a three page letter with numerous attachments. In the letter, the plaintiff states that he "would like to define exactly what the legal obligations are of the D.E.P. regarding this application." He states that he believes that the Department has three "options" and that these are:
"1. Find that no permit is needed after review, that I meet CGS 22a-349.
2. Find that a permit is needed as I do not meet CGS 22a-349
but do fall within CGS 22a-342 through 348 and issue a permit.
3. Find that I do not meet criteria of CGS 22a-342
through 349 and deny a permit"
The balance of the letter and the attachments are devoted to the argument that the Department should rule that no permit is required because the plaintiff's proposed use of his land is exempt from regulation pursuant to 22a-349. That statute generally exempts land used for farming from the restrictions of 22a-342 through 22a-348.
In a preamble to his "Final Decision," the Commissioner states that it "involves an application . . .for (1) a determination that a permit is not required under Conn. Gen. Stat. 22a-342 to clear-cut and subsequently farm 55 acres of floodplain forest within stream channel encroachment CT Page 10607 lines . . . or, in the alternative, (2) a permit under 22a-342
for those activities." In his decision, the Commissioner rules first that the plaintiff's land is not exempt under 22a-349
and then denies the plaintiff's application for a permit under22a-342. The plaintiffs appeal this "Final Decision".
The Department moves to dismiss the plaintiffs' appeal pursuant to Summit Hydropower Partnership v. Commissioner of Environmental Protection, 226 Conn. 792 (1993), on the ground that the Department's proceeding did not constitute a "contested case" because the plaintiffs had no statutory right to a hearing on their permit application under 22a-342.
General Statutes 22a-342 does not require that the plaintiffs' right to a permit be determined in a hearing or after an opportunity for a hearing. Therefore, Summit Hydropower would be fatal to the plaintiff's appeal if the Commissioner's decision could be construed to be merely a denial of the plaintiff's application for a permit under that statute. The plaintiffs contend, however, that they essentially requested a declaratory ruling pursuant to General Statutes 4-176 on the question whether their land was exempt under 22a-349 and that their application for a permit under22a-342 was secondary, to be considered only in the event they received an unfavorable ruling on the exemption. The significance of this argument is that an appeal may be taken from an agency's declaratory ruling issued pursuant to 4-176, even where no hearing has been held, because such a ruling is a "final decision" and therefore appealable under4-183. See 4-166 (3)(B). The court agrees with the plaintiffs on these issues.
Although the plaintiff did not state specifically that his August 1990 letter to the Department was a petition for a declaratory ruling pursuant to 4-176, it was in essence, and unmistakably, just such a petition. Section 4-176 (a) provides that a declaratory ruling is a ruling by an agency concerning "the applicability to specified circumstances of a provision of the general statutes . . . on a matter within the jurisdiction of the agency." In his August 1990 letter, the plaintiff repeatedly stated that he was seeking a ruling from the Department that the provisions of 22a-349 were applicable to the proposed use of his land and that the provisions of22a-342 through 22a-348 were not applicable. There is no question that this is "a matter within the jurisdiction of the CT Page 10608 agency". Furthermore, in its decision, the Commissioner responded by ruling directly on the applicability of those statutory provisions to the facts and circumstances specified by the plaintiff. It is difficult to imagine a scenario that would more precisely track the essence of the declaratory ruling process.
At oral argument on this motion, counsel for the Department pointed out that certain procedural steps of form and notice, set forth in 4-176 (b) and (c), were not followed. To the extent that these objections relate to the form of the plaintiff's petition, the court notes that the Department never questioned the informal letter format either at the time he submitted it or when it issued its decision on the merits. Furthermore, the Department had to have known what the plaintiff was seeking in view of the supreme court's decision on the subject, released only a few weeks earlier. Under these circumstances, the Department's objection to the form of the petition is without merit.
With respect to notice requirements, subsection (c) of4-176 requires that the Department, not the petitioner, give notice to various persons of the pending application for a ruling. The Department did give notice of the public hearing it held in this case, and representatives of several organizations appeared and were allowed intervenor status. If the Department failed to give the precise notice that its regulations require prior to rendering a declaratory ruling, neither have any of the numerous intervenors nor any other person entitled to notice objected to the ruling on that basis. And, of course, the ruling was adverse to the plaintiff, resulting in no discernible prejudice to anyone else, with or without notice.
It is basic administrative law that appeals of decisions of administrative agencies exist only by virtue of and in accordance with the statutes that create the right of appeal. It is equally axiomatic that "(w)here a decision as to whether a court has subject matter jurisdiction is required, every presumption favoring jurisdiction should be indulged." Demar v. Open Space Conservation Commission, 211 Conn. 416, 425
(1989). In this case, the presumption is amply supported by the circumstances surrounding the plaintiff's letter to the Department, the content of the letter, and the Department's response. The plaintiff has a right to appeal the Department's CT Page 10609 decision as a declaratory ruling pursuant to General Statutes4-183, 4-176, and 4-166 (3).
The Department's motion to dismiss is denied.
Maloney, J.