[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
One of the four defendants in this action, Nobel Insurance Company (Nobel), has filed motion #123 to dismiss for lack of subject matter jurisdiction as authorized by Practice Book §10-30 et seq. The motion to dismiss is directed at the ninth count of the amended complaint filed by the plaintiff, Capp Industries, Inc. (Capp), on September 4, 1998. The plaintiff was the excavating and site preparation subcontractor for the construction of a new branch of The Ferguson Library on Vine Street in the Turn of River section of Stamford. The general contractor is the defendant, Globe Atlas Construction, Corp. (Globe Atlas). The other two defendants are The Ferguson Library, owner of the library, and the city of Stamford, which leased the property on which the library is situated.
The ninth count of the complaint alleges that Nobel issued two bonds, including a payment bond in the amount of $3,729,000 in connection with the construction of the library; that the general contractor, Globe Atlas, as principal on the payment bond, failed to pay the plaintiff the amount due on its subcontract; that the plaintiff made demand for payment by the defendant Nobel, as surety; and that this defendant has refused payment.
The basis for the motion to dismiss for lack of subject matter jurisdiction is the claim by Nobel that this payment bond was issued pursuant to General Statutes § 49-41, the public bond statute. Nobel contends that General Statutes § 49-42
requires that an action by a claimant such as the plaintiff be commenced against the surety within one year after a subcontractor ceases to render services and furnish materials, and that the plaintiffs action was not timely pursuant to that statute.
The payment bond issued by Nobel, as surety, does not refer specifically to General Statutes § 49-41. Secondly, the plaintiff, in its ninth count, does not allege that it is seeking payment pursuant to that statute. Nevertheless, the moving party, Nobel, contends that the bond must have been issued pursuant to CT Page 3755 that statute because § 49-41 applies to contracts for the "construction . . . of any public building or public work of the state or of any subdivision thereof. . . ." Nobel argues that the library in question is a public building and that the owner thereof, The Ferguson Library, is a "subdivision" of the state.
The issue presented by this motion to dismiss is whether the bond furnished by Nobel was issued pursuant to General Statutes § 49-41. To resolve this issue, it would be necessary to decide whether a public building was constructed and whether The Ferguson Library was a political subdivision of the state, or a private corporation as claimed by the plaintiff There is, however, a more immediate issue and that is whether a motion to dismiss for lack of subject matter jurisdiction is the proper vehicle for deciding whether the payment bond in question was issued pursuant to the public work statute.
This inquiry in turn requires an analysis of the scope of a Practice Book § 10-33 motion to dismiss for lack of subject matter jurisdiction, and whether Nobel's motion exceeds any limitations on such a motion. Subject matter jurisdiction refers to the power of the Superior Court "to hear and determine cases of the general class to which the proceedings in question belong. . . . A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy." (Citations omitted; internal quotation marks omitted.) Figueroa v. C S Ball Bearing, 237 Conn. 1, 4,675 A.2d 845 (1996). See also Haigh v. Haigh, 50 Conn. App. 456,460-61, 717 A.2d 837 (1998).
Other principles of law applicable to this motion to dismiss are: (1) "In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied form the allegations, construing them in a manner most favorable to the pleader." Pamela B. v. Ment, 244 Conn. 296, 308, 709 A.2d 1089
(1998). Furthermore, "it is the law in our courts . . . that [a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." (Internal quotation marks omitted.) Id., 309; (2) "Where a decision as to whether a court has subject matter jurisdiction is required, every presumption favoring jurisdiction should be indulged." Demar v. Open Space Conservation Commission, 211 Conn. 416, 425, 559 A.2d 1103
(1989); and (3) "A ruling on a motion to dismiss is neither a CT Page 3756 ruling on the merits of the action . ., nor a test of whether the complaint states a cause of action. . . . Motions to dismiss are granted solely on jurisdictional grounds." (Citations omitted.)Malasky v. Metal Products Corporation, 44 Conn. App. 446, 451,689 A.2d 446 (1997).
In this present case, the plaintiff alleges in the ninth count that, as a subcontractor, it is the beneficiary of a payment bond issued by Nobel, and that this defendant has refused to make payment thereof This is in effect a claim that Nobel breached a contract embodied in the payment bond it issued. Clearly, the Superior Court has jurisdiction to adjudicate issues of this nature. The defendant Nobel is asking the court to go further and decide within the context of a motion to dismiss that the bond it issued was necessarily issued pursuant to the public works statute, General Statutes § 49-41. As indicated previously, such an inquiry involves deciding whether the construction project in question involves a public building and whether The Ferguson Library, described by its attorney as "a not-for-profit corporation," is a subdivision of this state. Nobel may well be correct on both of these points, but it is seeking, in its motion to dismiss, a determination of the merits of its defense that the plaintiff commenced its action on the payment bond in an untimely fashion. This is not permitted under the legal principles referred to previously.
The motion to dismiss for lack of subject matter jurisdiction is denied.
So Ordered.
Dated at Stamford, Connecticut, this 28th day of March, 2000.
William B. Lewis, Judge