[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs in this action, Gerald R. Bosak and Gerald R. Bosak Funeral Home, Inc., have brought an action in two counts against the defendants, Nicholas F. Cognetta and Nicholas F. Cognetta Funeral Home, Inc. In the first count, the plaintiffs allege that they entered into an agreement with the defendants in 1990, pursuant to which the plaintiffs conducted a funeral business on premises belonging to the defendants. They further allege that in 1999 this relationship terminated but that in the meantime the plaintiffs "produced, compiled and maintained various documents, records and files" at the premises owned by the defendants. CT Page 10458 The plaintiffs contend that they want their records returned but that the defendants refuse to do so. The second count is in conversion.
The defendants have moved pursuant to Practice Book § 10-30 to dismiss the action on the ground that replevin, as authorized by General Statutes § 52-515, does not apply to records and documents, but only to "goods and chattels, "and therefore the court lacks subject matter jurisdiction over this case. See Practice Book § 10-31(a)(1).
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "Jurisdiction of the subject matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong." (Internal quotation marks omitted.) Doe v. Roe, 246 Conn. 652, 661, 717 A.2d 706
(1998).
Other principles of law applicable to this motion to dismiss are: (1) "In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." Pamela B. v. Ment, 244 Conn. 296,308, 709 A.2d 1089 (1998). Furthermore, "it is the law in our courts . . . that [a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." (Internal quotation marks omitted.) Id., 309; (2) "Where a decision as to whether a court has subject matter jurisdiction is required, every presumption favoring jurisdiction should be indulged." Demar v. Open Space Conservation Commission, 211 Conn. 416,425, 559 A.2d 1103 (1989); and (3) "A ruling on a motion to dismiss is neither a ruling on the merits of the action . . . nor a test of whether the complaint states a cause of action . . . . Motions to dismiss are granted solely on jurisdictional grounds." (Citations omitted; internal quotation marks omitted.) Malasky v. Metal Products Corp.,44 Conn. App. 446, 452, 689 A.2d 1145, cert. denied, 241 Conn. 906,695 A.2d 539 (1997).
Clearly the Superior Court has the statutory authority to hear cases in replevin. In order to prove their case, the plaintiffs will have to establish that: "(1) the [items in question] are "goods or chattels' within the meaning of § 52-215; (2) [the plaintiff] has a "property interest' in the [items]; (3) [the plaintiff] has a right to immediate possession of the [items]; and [4] the defendant has wrongfully detained the [items]." Cornelio v. Stamford Hospital, 246 Conn. 45, 49, 717 A.2d 140
CT Page 10459 (1998).
The motion to dismiss filed by the defendants attacks the first of the four requirements of the replevin statute. The defendants have by no means convinced this court that replevin does not extend to records and documents. Their authority for this proposition is a section of the Uniform Commercial Code, General Statutes § 42a-9-105 (h), which provides that "goods" do not include documents, but there is no authority that this definition is also applicable to the replevin statute.
Hence, in view of the axiom that "every presumption favoring jurisdiction should be indulged;" Demar v. Open Space ConservationCommission, supra, 211 Conn. at 425; the defendants' motion to dismiss is denied.
So Ordered.
Dated at Stamford, Connecticut, this 10th day of August, 2000.