[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
FACTS
In 1966 Michael and Sylvia Zamkov brought suit against Willits Sawyer alleging that construction activities on Mr. Sawyer's property had created water damage on the adjoining property of the Zamkovs.
By pleading dated August 4, 2000, the defendant Sawyer filed a "Motion to Dismiss and/or to Enforce Settlement". On October 30, 2000, following oral argument, this court entered an order which read as follows.
"Counts one through six of the complaint are dismissed. The seventh count remains."
Both counsels were present in court when the court ruled from the bench. At the time of ruling, the court was aware that a memorandum of decision was appropriate in this matter and indicated to counsel that a memorandum would be prepared if an appeal was contemplated. Counsel has CT Page 15257 filled a request for such memorandum sighting the appropriate practice book authority contained in § 64-1 and 64-2 of the Connecticut Practice Book.
The following actions occurred between the plaintiff's original complaint in 1996 and the court's granting of the motion to dismiss six of the seven counts in a new complaint by its order of October 30, 2000.
The defendant Sawyer argued that on July 13, 1998 a settlement was agreed upon and ratified in open court by all parties and their attorneys. The plaintiff either denied that such a settlement occurred or refused to abide by it. That court was unable to locate a transcript of the canvass at the time of the settlement. As a result that court, Beach, J, denied a motion to summarily enforce the settlement.
The case was reached for trial in July of 1999 and jury selection was commenced. On July 29, the defendant's motion to preclude an expert witness was granted by the court, Dunnell, J., and the plaintiff was convinced to accept a settlement in the case. The plaintiff filed a withdrawal of the action with the clerk's office.
There is a dispute between the parties whether part of the settlement included a direction from Levine, J. that releases be exchanged between the parties which covered the matters plead "or which could of been made in that action". On September 8, 1999, the defendant filed a motion to enforce the settlement, but that motion was denied by a court without comment. The defendant speculates, reasonably, but without any conclusive proof, that the denial was because the case had been withdrawn and jurisdiction was lacking. In August of 2000, the plaintiffs refiled the law suit. For all practical purposes, the first six counts of the re-filed law suit were identical to the counts that had been withdrawn in the previous action. Count seven was somewhat different from anything that was contained in the previous action. This court makes no ruling on whether count seven is affected by the previous action or in any manner affected by the alleged order of Judge Levine to file a broadly worded release.
DISCUSSION
The court finds that counts one through six of the plaintiff's new complaint are identical to the counts that had been previously been withdrawn after the adverse ruling by Judge Dunnell on July 29.
In the instant action the original plaintiffs who had withdrawn their complaint have attempted to file a second action. Parties have at times attempted to re-open cases which they have withdrawn. Recently, in ByrdCT Page 15258v. Leszcynski, Hartford J.D. at Hartford, Docket Number CV96-05642515, August 25, 2000, (Berger, J.) the court considered a motion to restore an action that had previously been withdrawn following settlement. InLeszcynski the plaintiff filed a second suit. . . .
 "alleging essentially the same causes of action, but renaming them to include the theories of misrepresentation and a violation of the unfair trade practices act. The defendant has now filed motions in both cases. The motions in this case seeks to reinstate the action, and the other motion seeks to dismiss that second action. Essentially the defendant argues that the plaintiff should not be allow to circumvent the court's orders precluding his expert witness by merely withdrawing and then re-filing the complaint. . . .
 "Surely, the defendant had acquired substantial rights after briefing and arguing its successful motion to preclude the three expert witnesses disclosed more than one year after the pleadings were closed, after prevailing at the arbitration and after preparation for trial. The plaintiff's tactical use of the withdrawal constituted an abuse of the litigant's privilege, especially when it was used solely to avoid an order of the court. And it clearly has a prejudicial effect on the opposing side. . . .
 "The court surely notes that the hold otherwise would allow a litigant to manipulate and abuse the ordinarily and beneficial case flow process, which enables difficult evidentiary and procedural issues to be decided prior to trial. Such a system is obviously of great benefit to litigants in preparing for trial, since they will know whether a witness may testify or evidence will be allowed. To allow litigants to disengenerously utilize General Statutes § 52-80, after receiving a negative result, is clearly questionably."
A motion to dismiss is the proper motion to assert lack of subject matter jurisdiction. Practice Book § 10-301. Once raised, it must be acted upon immediately by the court. Gurliacci v. Mayer, 218 Conn. 531,545 (1991).
Recently in Gavalis v. Wheeler, CV98-05848665, January 13, 1999 CT Page 15259 (Fineburg J.) 1999 Ct. Sup. 235, Judge Fineburg considered a case in which an arbitration clause was sufficiently explicit to make arbitration a condition precedent to the bring of the action which was before him. Judge Fineburg found that since arbitration was a prerequisite to a judicial determination the court lacked subject matter jurisdiction to entertain the action presented. Accordingly, he dismissed the action for lack of jurisdiction.
In Shaa v. Brooks, CV99-05901965, August 3, 1999 (Langenbach, J.)1999 Ct. Sup. 10662, the defendant moved to dismiss a case on the grounds that the plaintiff was a minor who lacked the capacity to commence the action. Judge Langenbach agreed and held "once the issue of the court subject matter jurisdiction is raised by a motion to dismiss, the court must address the issue before proceeding to any other motion.
Subject matter jurisdiction involves the authority of the court to adjudicata the type of controversies presented by the action before it.Demar v. Open Space and Conservation Commission, 211 Conn. 416, 423-424
(1998). Here the record indicates that the plaintiff has already litigated the first six counts and is bound by his withdrawal at least in the absence of an appropriate motion to open the withdrawal. Because of this, the plaintiff lacks standing to assert the claim being made in the law suit and dismissal is the appropriate remedy.
This court agrees with Judge Berger's reasoning in Leszcynski. The plaintiff by filing its second suit, insofar as it contained the identical first six counts, is trying to make a tactical use of withdrawal which if allowed by the filing of a second suit would constitute an abuse of litigant's privilege, especially when, as here, it was used to avoid an order of the court that was adverse to a trial of the matter. The plaintiff appears to have no grounds to open the previously filed withdrawal. For the same reasons that such a request to open would be denied, the plaintiff has no standing to bring the identical claim contained in the first six counts.
Counts one through six of the plaintiff's complaint with a return date of August 15, 2000 are dismissed.
Booth, J.