[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff appellant, Mark White, has appealed from a decision of the Inland Wetlands Agency of the City of Milford denying his application for a permit to conduct a regulated activity, namely, the construction of a house within 100 feet of a wetland. The property is presently an unimproved parcel of land constituting a building lot within the zone in which it is located.
In its appeal, the plaintiff alleges that the defendant has acted illegally, arbitrarily and in abuse of its discretion.
The defendant agency denies these allegations. Furthermore, in its brief, the agency challenges the jurisdiction of the court because of the fact that the plaintiff has failed to cite in the Commission of Environmental Protection as set forth in Connecticut General Statutes § 22a-43 (a). While it is true that initially notice was not given to the Commissioner, his appearance is discretionary since the statute used the terminology "may appear" and is not mandatory. Donald E. Demar v. TheOpen Space and Conservation Commission of the Town of Rocky Hill,211 Conn. 416 (1989). The court therefore is of the opinion that it has jurisdiction in this matter.
There remains then for the court to determine whether the agency acted properly and did not abuse its discretion or act illegally or arbitrarily.
As indicated previously, this appeal involved a building lot located on Market Place in the City of Milford. The activity called for, namely, the construction of a house, is located within 100 feet of an inland wetland. The plaintiff is desirous of constructing a residence thereon. With the application there was submitted a survey and engineering plan entitled Alternate 1. An additional site plan entitled Alternate 2 was also submitted at that time. Alternate 1 proposed a residence within the wetland area and called for filling of approximately 449 square feet of CT Page 11954 wetlands.
A site walk was conducted and, subsequent thereto, it was voted to hold a public hearing on the application. At a meeting subsequent to the site walk, the plaintiff's engineer gave his opinion that the construction would have no adverse impact on the wetlands. Also, a detailed erosion control plan was submitted. Remedial measures such as anti-tracking pass and silt fences during construction were submitted. The agency, expressing its concern, called for a public hearing.
At the public hearing, an alternate plan was submitted reducing the size of the dwelling and its proximity to the wetlands. The plan as submitted showed a smaller house the rear of which was some 10.3 feet from the wetlands. There was to be no filling of the wetland area. It was stated by the engineer that this plan was submitted to implement the suggestions of various agency members. The erosion control plan and construction restraints were reiterated by the witness. Also, it was again stated that the proposal would have no adverse impact on the wetlands.
At a subsequent meeting of the agency held on November 17, 2001, it was voted to deny the application. From this action the plaintiff has taken this appeal.
Section 22a-41 (a)(2) of the Connecticut General Statutes requires that where an application is denied on the basis that there may be feasible and prudent alternatives which have less impact, the agency shall propose on the record in writing the various alternatives that may be investigated.
The agency did in fact make such a finding that there may be alternatives which have a less adverse effect on the wetlands. They found that the applicant might investigate the following alternatives: (1) seeking a variance to setback from planning and zoning for house location; (2) decreasing the size of the house, and (3) increasing the distance from the house to the wetlands.
The record discloses several statements of members of the agency which gives the court insight into their reasoning in reaching their decision: "something that close is not gonna work";
"Building a house with no back yard and all wetlands in the back"
"This is almost an unbuildable lot"; CT Page 11955
"Concerned about intrusion into the wetlands";
"Tree coverage gone";
"10.3 feet to the wetlands".
It is obvious that the members give little consideration to the testimony of the plaintiff's engineering expert and depended on their own knowledge and every day experience in making their decision. We have the statement of the engineer that the proposal would have no adverse impact and, opposed to that, we have the various statements of the members indicating a contrary opinion.
The issue then is whether the agency members must accept the testimony of the plaintiff's engineering expert or whether they can disregard the same and use their own experience and knowledge in arriving at their decision. In other words, is this a question that is beyond the ordinary experience of laymen the results of which they could not find without expert testimony?
In the case of Feinson v. Conservation Commission, 180 Con. 421, 429, the court held that:
 "Judicial review of administrative process is designed to assure that administrative agencies act on evidence which is probative and reliable and act in a manner consistent with the requirements of fundamental fairness. From both perspectives, we are compelled to conclude that a lay commission acts without substantial evidence and arbitrarily when it relies on its own knowledge and experience concerning technically complex issues such as pollution control in disregard of contrary expert testimony, without affording a timely opportunity for rebuttal of its point of view."
It is obvious from the record that the commission, exercising its own point of view as opposed to the plaintiff's engineering expert, denied plaintiff's application without offering him an opportunity for rebuttal.
Judgment is rendered for the plaintiff and the matter is remanded to the Inland Wetlands Commission for further proceedings.
The Court
 By______________________ Curran, J.
CT Page 11956
[EDITORS' NOTE: This page is blank.] CT Page 11957