[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
On May 9, 2001, the Commission on Human Rights and Opportunities (CHRO) issued a release of jurisdiction and a right to sue letter on behalf of the plaintiff Alicia Parrila against the named defendants. The plaintiff brought this action by complaint dated June 6, 2002 with a return date of June 25, 2002. Each defendant filed an answer and special defenses on August 1, 2002. The defendants filed this motion to dismiss on August 15, 2002.
Our Practice Book in Section 10-6 provides for an order of pleadings. That section requires in pertinent part:
The order of pleadings shall be as follows:
(1) the plaintiff's complaint;
(2) the defendant's motion to dismiss the complaint;
(3) the defendant's request to revise the complaint;
(4) the defendant's motion to strike the complaint;
(5) the defendant's answer (including any special defenses) to the complaint. . .
Practice Book Section 10-7 provides that in the absence of specific judicial authorization the filing of any pleading provided for in the preceding section will waive the right to file any pleading which if filed in due order would have proceeded it.
Practice Book Section 10-32 provides in pertinent part:
"Any claim of lack of jurisdiction over the person or improper venue or insufficiency of process or any CT Page 13159 insufficiency of service of process is waived if not raised by a motion to dismiss filed in the sequence provided in Sections 10-6 and 10-7 and within the time provided by Section 10-30."
The time provided by Section 10-30 is thirty days.
It is clear that if the motion to dismiss in the instant matter challenges personal jurisdiction or service of process, the right to make such a motion has been waived both by the order of pleadings and the lapse of time.
The defendant's motion to dismiss is grounded in Section 46a-103 of the Connecticut General Statutes. That section provides:
 "The complainant or his attorney shall serve a copy of the complaint in an action brought in accordance with Section 46a-100 on the Commission at the same time all other parties in such action are served.
 Service on the Commission shall be for the purpose of providing legal notice of the action and shall not thereby make the Commission a necessary party to the action. The Commission, through its counsel or the Attorney General, may intervene as a matter of right in any action brought in accordance with Section 46a-100."
The defendant claims that the failure to serve the Commission raises a question of subject matter jurisdiction because it is a failure to exhaust administrative remedies. The defendant cites absolutely no authority for this proposition and the court is at a loss to see what administrative remedy is available to the plaintiff when CHRO has specifically issued a release of jurisdiction and a right to sue letter.
The more troubling argument, though not clearly raised by the defendant, would be an argument that Section 46a-103 is mandatory and that failure to comply with it implicates subject matter jurisdiction. Although this claim was not clearly made, the court has an obligation to explore any possibility of an absence of subject matter jurisdiction.
The claim that Section 46a-103 is mandatory and hence jurisdictional, was specifically raised in Suarez v. Judicial Department,1998 Ct. Sup. 205 (Hennessey, J.)
In Suarez Judge Hennessey concluded: CT Page 13160
"The present case, although similar to Demar v. Open Space and Conservation Commission, supra [211 Conn. 416
(1989)] is not a case where the Commission did not receive any notice, but rather the CHRO received notice before the close of pleadings. Thus, the CHRO has not been prejudiced or foreclosed from participating in the action if it chooses. Moreover, because the CHRO is not a necessary party, the trial court could enter a judgment without the Commission as a party. The language of the statute suggests that the legislature intended that CHRO be given notice that a complainant had pursued his rights and filed a civil action in a matter released by the CHRO. Furthermore, the statute provides in pertinent part that `[s]ervice on the Commission. . . shall not thereby make the Commission a necessary party to the action' (emphasis added). General Statutes § 46a-103. Accordingly, as long as the Commission has adequate notice, even if not simultaneous with the notice to the defendant, before the close of the pleadings, providing sufficient time to intervene, such notice satisfies the intent of the legislature. Even if the CHRO had been timely served, its position would be no different than it is at present."
Although this file contains no return of service on CHRO, the plaintiff's brief states:
 "The plaintiff has ordered supplemental sheriff service on CHRO to correct the failure to provide CHRO with notice of the suit and thus to allow CHRO to intervene."
The court agrees with Judge Hennessey that such service is a prerequisite before this matter may go to trial.
While our Appellate and Supreme Courts have not addressed the precise issue faced by this court and by Judge Hennessey in Suarez, the Supreme Court faced a remarkably similar issue in Demar v. Open Space andConservation Commission, 211 Conn. 416 (1989). In Demar, the Supreme Court was considering General Statutes § 22a-43. That statute provided that service of notice of a wetlands appeal be made on the Commissioner of Environmental Protection. The statute further provided "the Commissioner may appear as a party to any action brought by any other party within thirty days from the date such appeal is returned to CT Page 13161 court. . . ."
In Demar the court held:
 "In concluding in D'Andrea that the defect was circumstantial, we said that: `[I]n determining whether [the] defect was fatal, the purpose of the statutory provision must be considered. . . . we conclude, in the circumstances of this case, that the defect is such that it did not deprive the trial court of subject matter jurisdiction. To do otherwise would thwart the statutory purposes. . ."
 Demar, supra at 429.
Relying on Judge Hennessey's reasoning in Suarez and the analogy that can be drawn to Demar, the court finds that the motion to dismiss does not raise subject matter jurisdiction. Any claims of personal jurisdiction have been waived. The motion to dismiss is DENIED.
BY THE COURT
 ___________________ Booth, J.
SUPERIOR COURT CT Page 13162