[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
Pursuant to a Motion to Strike dated April 12, 1994, defendant Paramount Cards, Inc. (hereinafter, "Paramount") has moved to strike the First and Fourth Counts of the complaint in this case for failure to state claims upon which relief can be granted.
For the reason stated below, the court grants the motion and orders the First and Fourth Counts stricken.
Background
Plaintiff's initial complaint was dated July 28, 1993. The First Count of the initial complaint, alleging a violation of General Statutes § 31-51m, the "whistle-blowing" statute, was ordered dismissed by Judge Berger.
In his revised complaint of March 30, 1994 plaintiff alleges that he was employed by defendant as a sales representative between February 1988, and April 1992, when he was terminated. To summarize and simplify, plaintiff alleges that although an employer-employee relationship existed between him and defendant, defendant refused to classify him as an employee, permitting defendant not to contribute towards plaintiff's social security taxes and fringe benefits and permitting defendant not to withhold income taxes from plaintiff's paychecks. Plaintiff alleges that he contacted the Internal Revenue Service and requested a determination from the IRS if an employer-employee relationship existed, informing defendant that he was doing so. Plaintiff further alleges that the IRS determined that an employer-employee relationship in fact existed CT Page 6126 between him and the defendant. According to plaintiff, subsequent to plaintiff's request to the IRS that his status be determined, defendant eliminated from his sales route certain income producing accounts. He was subsequently terminated.
In the First Count of the revised complaint, plaintiff alleges that in contacting the IRS, he was exercising his right to free speech and to petition government, both guaranteed by the First Amendment to the United States Constitution. He also alleges that he was exercising his right to freely speak, write and publish his sentiments on all subjects, as guaranteed by Section 4 of Article I of the Connecticut Constitution and his right to apply to those invested with the powers of government for redress of grievances, as guaranteed by Section 14 of Article I of the Connecticut Constitution. Plaintiff alleges that he was dismissed for taking such actions in violation of General Statutes § 31-51q.[1] These allegations are almost identical to those made in the stricken First Count of the initial complaint, however, the revised complaint alleges that General Statutes § 31-51q is violated, not § 31-51m, the "whistleblowing" statute.
In the Fourth Count, plaintiff essentially alleges that defendant has been unjustly enriched by virtue of its failure to classify plaintiff as an employee and thereby avoid contributing towards plaintiff's social security taxes, vacation pay, sick pay, holiday pay, medical insurance, and other fringe benefits.
The Second and Third Counts, alleging intentional and unintentional infliction of emotional distress, are not at issue.
Analysis
a. First Count
The motion to strike is used to test the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138, 142
(1989); Practice Book § 152. In reviewing the legal sufficiency of a pleading, the trial court must "assume the truth of the facts alleged and construe them in the light most favorable to sustaining the sufficiency" of the pleading. Michaud v.Wawruck, 209 Conn. 407, 408 (1988). If facts provable under the allegations as set, out would support a cause of action or defense, the motion to strike must fail. Ferryman v. Groton, CT Page 6127 supra, 142.
With respect to the First Count, defendant makes three broad arguments. First defendant argues that because the revised complaint fails to allege infringement of plaintiff's state and federal constitutional rights as a consequence of state action, there is no cause of action. Second, defendant argues that plaintiff was merely exercising his private rights as an aggrieved employee, that therefore his conduct did not relate to a matter of "public concern," and that he thus has no cause of action based on an alleged violation of his constitutional rights. Third, defendant argues that plaintiff's assertion of the claim made in the First Count of the revised complaint is an attempt to circumvent an earlier court ruling dismissing the First Count of the initial complaint on the grounds that the court lacks jurisdiction over actions under the "whistle-blowing" statute, General Statutes 31-51m.[2]
Defendant's first argument is based on the assumption that § 31-51q does not protect against a private employer's infringement of a private employee's state and federal constitutional rights. Neither the plain language of the statute nor its legislative history support defendant's restrictive reading.
By its plain meaning, the language of the statute clearly applies to "any" employer or "any" employee. Common sense must be used in the construction of a statute where the language is clear and unambiguous. Demar v. Open Space andCommission, 211 Conn. 416, 425-26 (1986). Moreover, § 31-51q is a remedial statute, enacted to provide protection for vitally important free speech and free expression rights guaranteed by the state and federal constitutions. Remedial statutes are to be liberally construed in favor of those the legislature intended to benefit. Hinchcliffe v. American Motors Corp. ,184 Conn. 607, 615 n. 4 (1981). This ought to be particularly so in the area of protected expression. The legislative history of § 31-51q, as recited in the Plaintiff's Objection to Defendant's Motion to Strike dated April 12, 1994, supports this reading of the statute. This court agrees with the reasoning of Judge Corradino, who faced the same issue in Olson v. Accessory Controls Equipment Corp. , 9 CSCR 262 (March 21, 1994). As stated by Judge Corradino:
 The question is not whether a plaintiff can sue a private party for infringement of CT Page 6128 state and federal free speech constitutional rights but whether a state by statute can confer on an individual the right to sue a private party for the same type of infringements that it would be illegal for the state or federal governments to engage in. The answer is why not — the state in passing a statute like § 31-51q is not per se extending the ambit of the state or federal constitution but in effect using those documents and the case law interpreting the constitutional provisions for the purpose of defining the scope or ambit of rights created by a statute meant to provide a cause of action against private parties.
In this court's view, the legislature intended to create a cause of action permitting employees to bring suit against private employers engaging in the conduct prohibited by the statute when it enacted § 31-51q.
The defendant also argues that plaintiff has failed to allege that the conduct alleged in the revised complaint relates to a "matter of public concern" as that term of art is used in the relevant precedents. The court agrees.
The case law makes it clear that in order to show that constitutionally protected rights are at issue, a plaintiff must allege that in engaging in the speech at issue the plaintiff was exercising his or her rights as a citizen with respect to a "matter of public concern." Connick v. Myers,461 U.S. 138, 146-148 (1982). Whether an employee's speech "addresses a matter of public concern must be determined by the content, form, and context of a given statement, as revealed by the whole record." Id., 147-148. The issue to be addressed is not simply whether the subject matter of the employee's complaints touches on a matter of public concern generally; the issue is whether acting as he did, an employee was acting as a citizen attempting to speak out on a public issue, or whether the employee was instead attempting to resolve a private dilemma relating to employment.[3]
In the instant case, there is nothing to indicate in the allegations of the revised complaint that in taking the actions alleged plaintiff was doing anything other than attempting CT Page 6129 to resolve a private, employment dilemma with defendant. See Connick v. Myers, supra, 147; Vince v. Worrell, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. CV No. 319386 (July 14, 1992). This ruling should not be read as meaning that the court concludes that the issues raised by plaintiff are not of concern to the public. They manifestly are. The court has simply concluded that, as set out in the revised complaint, plaintiff has failed to adequately allege that he was acting as a citizen pursuing a "matter of public concern" as that term is used in the cases.
Fourth Count
Defendant also moves to strike the Fourth Count of the revised complaint, which purports to state a cause of action for unjust enrichment based upon defendant's failure to classify plaintiff as an employee. Plaintiff has brought to the court's attention no case law or statutory law recognizing a cause of action for wrongful discharge based upon an unjust enrichment theory.
In the absence of any such authority, the motion to strike the Fourth Count is granted as this count fails to set forth a recognized cause of action.
Summary and Conclusion
The court concludes that § 31-51q provides a cause of action to private employees alleging violation of their rights pursuant to the state and federal constitutions, however, the court finds that plaintiff has failed to allege that his actions were undertaken by him acting as a citizen in pursuit of matters of public concern. The motion to strike the First Count is therefore granted. The motion to strike the Fourth Count is granted because plaintiff has attempted to plead a cause of action not recognized in this state.