[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Richard Jason Lund, Sr., filed a five count complaint against the defendant, Stern Company, Inc. ("Stern"), alleging breach of an employment contract, wilful breach of an employment contract, a violation of Conn. Gen. Stat. § 31-69, a violation of Conn. Gen. Stat. § 31-51m(b), and a violation of Conn. Gen. Stat. § 31-51q.
Stern moved to strike counts two, three and five of the plaintiff's complaint. Stern argues that count two should be stricken because "the breach of an implied covenant of good faith and fair dealing is only a rule of construction and does not constitute an independent cause of action where a breach of contract has been alleged." Stern further argues that "such a claim is coterminous with a wrongful discharge claim, and Plaintiff has adequate statutory remedy to redress his wrongful discharge claim."
Stern argues that count three should be stricken because the plaintiff "has an adequate statutory remedy to redress his wrongful discharge claim" under Conn. Gen. Stat. § 31-51m. Stern also argues that the plaintiff alleged that he was not an at-will employee, and therefore he may not assert a wrongful discharge claim.
Stern argues that count five does not state a claim for retaliatory discharge in violation of Conn. Gen. Stat. §31-51q, because "the alleged speech did not relate to a matter of public concern, but rather was an attempt by Plaintiff to resolve a private dilemma relating to employment."
As required by Practice Book § 155, Stern has filed a CT Page 11101-A memorandum in support of its motion to strike, and the plaintiff has timely filed a memorandum in opposition.
On October 31, 1994, the court denied the defendant's motion to strike as to count two, granted the motion as to count three, and granted the motion without prejudice as to count five. The court now states the grounds upon which it relies.
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'"Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210,214-25, 618 A.2d 25 (1992). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Id., 215. "The court must construe the facts in the complaint most favorably to the plaintiff" Id. The motion does not admit legal conclusions or opinions stated in the pleadings. Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985).
COUNT TWO
Count two alleges breach of an implied covenant of good faith and fair dealing. Paragraph 21 of count two alleges that Stern's termination of the plaintiff's employment was done for a false reason and done "in bad faith and willfully, wantonly and recklessly violated the plaintiff's contract and implied covenant of good faith."[1]
"Breach of contract founded on tortious conduct may allow the award of punitive damages. Such tortious conduct must be alleged in terms of wanton and malicious injury, evil motive and violence, for punitive damages may be awarded only for outrageous conduct, that is, for acts done with a bad motive or with a reckless indifference to the interests of others." (Citations omitted; internal quotation marks omitted.) L. F. Pace Sons, Inc. v. Travelers Indemnity Co., 9 Conn. App. 30, 48,514 A.2d 766, cert. denied, 201 Conn. 811, 516 A.2d 886 (1986).
Because the plaintiff alleges sufficient facts to state a claim for tortious breach of contract, the defendant's motion to strike count two is denied. CT Page 11101-B
COUNT THREE
Count three alleges a violation of Conn. Gen. Stat. § 31-69. Conn. Gen. Stat. § 31-69 concerns terminations that occur because an employee "has served or is about to serve on a wage board or has testified or is about to testify before any wage board or in any other investigation or proceeding . . . or because such employer believes that such employee may serve on any wage board or may testify before any wage board or in any investigation or proceeding under this part." Stern argues that this statute only provides criminal penalties, and does not give rise to a civil cause of action.
As argued by Stern, the plaintiff's cause of action does not fall under the criminal penalty section, but instead falls under the whistle blowing section: 31-51m. Serving on or testifying before a wage board, as required by General Statutes § 31-69, is not the same as telephoning the Department of Labor, which is what occurred in the present case.
General Statutes § 31-51m(b) provides in relevant part: "No employer shall discharge, discipline or otherwise penalize any employee because the employee . . . reports, verbally or in writing, a violation or a suspected violation of any state or federal law or regulation or any municipal ordinance." The plaintiff's cause of action is more likely addressed by this statute.
The plaintiff's allegation that Stern's termination occurred because the plaintiff contacted the Connecticut Labor Department and reported alleged state wage and hour laws violations does not support a cause of action under General Statutes § 31-69. The court adopts the position of the defendant on this issue as set forth in its memorandum of law.
Because the plaintiff has not sustained his burden of proof as to the applicability of § 31-69 in a civil case, and since the plaintiff's claim for wrongful discharge is covered by other statutory provisions, which provisions provide their own remedy, Stern's motion to strike count three is granted.
COUNT FIVE
Count five alleges a violation of Conn. Gen. Stat. CT Page 11101-C § 31-51q. Pursuant to General Statutes § 31-51q, an employer cannot discharge an employee for exercising the right to free speech as guaranteed by the United States Constitution or the state constitution, except in certain limited circumstances.
In order to show that constitutionally protected rights are at issue under § 31-51q, a plaintiff must allege that he was exercising his rights as a citizen with respect to a matter of public concern. See, e.g., Lebow v. American Chemical Refining Co., Inc., 12 Conn. L. Rptr. 277, 279 (August 1, 1994, Sylvester, J.); Bakelman v. Paramount Cards, Inc.,12 Conn. L. Rptr. 96, 97 (June 1, 1994, Lavine, J.); Silva v. Caldor, Inc.,8 Conn. L. Rptr. 514, 515 (March 9, 1993, Jackaway, J.). "The issue to be addressed is not simply whether the subject matter of the employee's complaint touches on a matter of public concern generally; the issue is whether acting as he did, an employee was acting as a citizen attempting to speak out on a public issue, or whether the employee was instead attempting to resolve a private dilemma relating to employment." Bakelman v.Paramount Cards, Inc., supra, 98.
Because the plaintiff has not alleged facts sufficient to demonstrate that he was attempting to do more than resolve a private employment dilemma, the defendant's motion to strike count five is granted without prejudice.
ROBERT F. STENGEL JUDGE, SUPERIOR COURT