## TERRILL SPEIGHT *v.* OFFICE OF VICTIM SERVICES (AC 19875)

Mihalakos, Zarella and Hennessy, Js.

Submitted on briefs October 18—officially released December 19, 2000

*Richard Blumenthal,* attorney general, and *Susan Quinn Cobb* and *Carolyn K. Querijero,* assistant attorneys general, filed a brief for the appellant (defendant).

*Opinion*

MIHALAKOS, J. In this appeal, the defendant, the office of victim services, challenges an order entered by the Superior Court requiring the defendant to compensate the plaintiff, Terrill Speight, for medical expenses incurred as a result of a crime against his person. The defendant argues that the court properly rendered a judgment of dismissal for lack of subject matter jurisdiction and, consequently, that the court lacked the authority to enter the challenged order. We agree and reverse in part the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of this appeal. At approximately 3 a.m. on October 23, 1996, the plaintiff was shot while walking in Stamford near the intersection of South Pacific and Manhattan Streets. After recovering from the wound, the plaintiff applied to the defendant for compensation.[1] On April 23, 1997, the defendant

---

[1] General Statutes § 54-204 (a) provides in relevant part: "Any person who may be eligible for compensation or restitution services, or both, pursuant to this chapter may make application therefor to the Office of Victim Services . . . ."

declined to compensate the plaintiff for his losses because he had "failed to cooperate with law enforcement officials in their efforts to investigate the incident." Pursuant to General Statutes § 54-205 (b),[2] the plaintiff requested that a victim compensation commissioner (commissioner) review the defendant's decision.

On February 5, 1998, in response to the plaintiff's request for review, the commissioner conducted a hearing. On August 17, 1998, the commissioner concluded that the plaintiff was eligible to receive compensation for medical expenses and lost wages, and he awarded the plaintiff $7849.70.[3] After receiving notice of the com-

General Statutes § 54-208 (c) provides: "In determining whether to make an order under this section, the Office of Victim Services or, on review, a victim compensation commissioner shall consider all circumstances determined to be relevant, including but not limited to provocation, consent or any other behavior of the victim which directly or indirectly contributed to such victim's injury or death, the extent of the victim's cooperation in investigating the application and the extent of the victim's cooperation with law enforcement agencies in their efforts to apprehend and prosecute the offender, and any other relevant matters."

General Statutes (Rev. to 1995) § 54-210 (a) provides: "The Office of Victim Services or a victim compensation commissioner may order the payment of compensation under this chapter for: (1) Expenses actually and reasonably incurred as a result of the personal injury or death of the victim; (2) loss of earning power as a result of total or partial incapacity of such victim; (3) pecuniary loss to the dependents of the deceased victim, and (4) any other loss, except as set forth in section 54-211, resulting from the personal injury or death of the victim which the Office of Victim Services or a victim compensation commissioner, as the case may be, determines to be reasonable. There shall be one hundred dollars deductible from the total amount determined by said office or victim compensation commissioner."

[2] General Statutes § 54-205 (b) provides: "An applicant may request that a determination made pursuant to subsection (a) of this section be reviewed by a victim compensation commissioner by filing a request for review with the Office of Victim Services, on a form prescribed by the Office of the Chief Court Administrator, within thirty days from mailing of the notice of such determination."

[3] General Statutes § 54-208 (a) provides in relevant part: "If a person is injured or killed as provided in section 54-209, the Office of Victim Services or, on review, a victim compensation commissioner may order the payment of compensation in accordance with the provisions of this chapter . . . ."

missioner's decision, the plaintiff filed a claim for the award. On August 24, 1998, however, the plaintiff sent a letter to the defendant, requesting that it disregard his claim for the award and informing it that he had decided to appeal from the commissioner's decision.

Approximately seven months later, on March 18, 1999, the plaintiff appealed from the commissioner's decision to the Superior Court in the judicial district of Hartford, claiming that the award was "inadequate to cover the loss of wages and the amount of suffering caused by the crime." On May 6, 1999, the defendant moved to dismiss the plaintiff's appeal for lack of subject matter jurisdiction, arguing that the appeal was untimely under General Statutes § 54-211a.[4] On June 15, 1999, the court granted the defendant's motion to dismiss, ordered the defendant to pay the plaintiff's medical expenses and rendered judgment in favor of the defendant. This appeal followed.

" 'Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it.' " *Demar* v. *Open Space & Conservation Commission*, 211 Conn. 416, 423–24, 559 A.2d 1103 (1989), quoting *Craig* v. *Bronson*, 202 Conn. 93, 101, 520 A.2d 155 (1987). If a court lacks subject matter jurisdiction to hear and determine cases of the general class to which the proceedings in question belong, it is axiomatic that a court also lacks the authority to enter orders pursuant to such proceedings. Because "[a] court does not truly lack subject matter jurisdiction if it has competence to entertain the action before it"; (internal quotation marks omitted) *Demar*

---

[4] General Statutes § 54-211a provides: "Any applicant aggrieved by an order or decision of a victim compensation commissioner may appeal by way of a demand for a trial de novo to the superior court for the judicial district of Hartford. The appeal shall be taken within thirty days after mailing of the order or decision, or if there is no mailing, within thirty days after personal delivery of such order or decision."

v. *Open Space & Conservation Commission,* supra, 424; we must determine whether the court had subject matter jurisdiction to hear the plaintiff's appeal from the commissioner's decision, notwithstanding the court's decision indicating that it did not have such authority.

"The right to appeal to the courts from [a] decision of an administrative agency exists only if given by statute . . . ." *Rogers* v. *Commission on Human Rights & Opportunities,* 195 Conn. 543, 550, 489 A.2d 368 (1985). Because "[a]ppellate jurisdiction is derived from the . . . statutory provisions by which it is created"; (internal quotation marks omitted) *Ensign-Bickford Realty Corp.* v. *Zoning Commission,* 245 Conn. 257, 263, 715 A.2d 701 (1998); the right to appeal "is conditioned upon strict compliance with the provisions by which it is created." *Rogers* v. *Commission on Human Rights & Opportunities,* supra, 550. Accordingly, "[t]he failure to file an appeal from an administrative decision within the time set by statute renders the appeal invalid and deprives the courts of jurisdiction to hear it." Id., citing *Royce* v. *Freedom of Information Commission,* 177 Conn. 584, 587, 418 A.2d 939 (1979).

In the present case, the plaintiff failed to comply strictly with the statutory provision that creates the right to appeal from decisions of the victim compensation commissioner. This provision, § 54-211a, requires that appeals "be taken within thirty days after mailing of the order or decision, or if there is no mailing, within thirty days after personal delivery of such order or decision." The plaintiff, however, did not take his appeal until approximately 210 days after he received notice of the commissioner's decision. Therefore, the court did not have jurisdiction to hear it. See *Glastonbury Volunteer Ambulance Assn., Inc.* v. *Freedom of Information Commission,* 227 Conn. 848, 850–57, 633 A.2d 305 (1993) (affirming judgment of dismissal of administrative appeal because appeal filed five days after statu-

torily prescribed forty-five day appeal period expired). Accordingly, the court did not have the authority to enter the challenged order.

The judgment is reversed only as to the order that the defendant pay the plaintiff's medical bills and the case is remanded with direction to vacate that order. The judgment is affirmed in all other respects.

In this opinion the other judges concurred.