[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, Region 7 Board of Education, has moved to dismiss this CT Page 11614 appeal on the ground that the trial court lacks subject matter jurisdiction. The plaintiff had been employed by the defendant as a tenured teacher and appeals the board's decision terminating her employment pursuant to General Statutes § 10-151 (e). Specifically, the defendant argues that because the plaintiff did not file her appeal with the court within the statutorily mandated 30 days of the board's decision, the court is without subject matter jurisdiction. The defendant filed its motion to dismiss on July 13, 2001, and the plaintiff filed her brief in opposition on July 25, 2001.
The facts relative to this motion are not in dispute. On April 3, 2001, the plaintiffs employment was terminated by the defendant, Board of Education. On April 4, 2001, the board notified the plaintiff by letter of the termination by hand delivery. This matter was brought by the plaintiff by writ, summons and complaint dated April 30, 2001, which was served on the defendant on May 1, 2001. The plaintiff returned the writ, summons and complaint to court on May 9, 2001. Proper service was made on the defendant within 30 days of the plaintiff receiving notice of her termination; however, the writ summons and complaint was not returned to court until 35 days after she received notice.
 I.
"The motion to dismiss shall be used to assert . . . lack of jurisdiction over the subject matter . . ." Practice Book § 10-31(a) (1). "In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." Pamela B. v. Ment, 244 Conn. 296,308, 709 A.2d 1089 (1998).
"The right to appeal to the courts from [a] decision of an administrative agency exists only if given by statute. . . . Because [a]ppellate jurisdiction is derived from the statutory provisions by which it is created; . . . the right to appeal is conditioned upon strict compliance with the provisions by which it is created. . . . Accordingly, [t]he failure to file an appeal from an administrative decision within the time set by statute renders the appeal invalid and deprives the courts of jurisdiction to hear it." (Brackets in original; citations omitted; internal quotation marks omitted.) Speight v. Officeof Victim Services, 61 Conn. App. 151, 155 (2000).
The statute which controls this appeal is found at General Statutes § 10-151 (e).
"Any teacher aggrieved by the decision of a board of education after a CT Page 11615 hearing as provided in subsection (d) of this section may appeal therefrom, within thirty days of such decision, to the Superior Court. Such appeal shall be made returnable to said court in the same manner as is prescribed for civil actions brought to said court. Any such appeal shall be a privileged case to be heard by the court as soon after the return day as is practicable. The board of education shall file with the court a copy of the complete transcript of the proceedings of the hearing and the minutes of board of education meetings relating to such termination, including the vote of the board on the termination, together with such other documents, or certified copies thereof, as shall constitute the record of the case. The court, upon such appeal, shall review the proceedings of such hearing. The court, upon such appeal and hearing thereon, may affirm or reverse the decision appealed from in accordance with subsection (j) of section 4-183. Costs shall not be allowed against the board of education unless it appears to the court that it acted with gross negligence or in bad faith or with malice in making the decision appealed from."
 II.
This apparently is a case of first impression. The Appellate Court has held that the Superior Court does not have jurisdiction to hear an untimely Teacher Tenure Act appeal under § 10-151. See Drahan v.Board of Education, 42 Conn. App. 480, 490, cert. denied, 239 Conn. 921
(1996). One Superior Court case has held likewise. See Ripchik v. Region11 Board of Education, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 049699 (March 24, 1997, McWeeny, J.). However, neither case is clear as to whether the writ was delivered to a state marshal or sheriff within 30 days of the board's decision, as mandated by statute.
Section 10-151 (e) is somewhat ambiguous as to the proper filing procedures. The statute specifically refers to General Statutes § 4-183
(the Uniform Administrative Procedure Act), wherein it is interpreted that if an appeal is not filed with the court within 45 days of an agency rendering a decision, a court is without subject matter jurisdiction. However, the statute also states that "[s]uch appeal shall be made returnable to said court in the same manner as is prescribed for civil actions brought to said court." General Statutes § 10-151 (e).
"When considering termination of a tenured teacher's employment contract, a school board acts, like an administrative agency, in a quasi-judicial capacity. . . . A school board has discretion to accept or reject a recommendation from an impartial hearing panel, though it is bound by the panel's findings of fact unless unsupported by the evidence. . . . The board is bound by the panel's findings of fact, but CT Page 11616 not by its legal conclusions or by its recommendations. . . . Judicial review of the school board's administrative decision follows established principles of administrative law. The court's ultimate duty is only to decide whether, in light of the evidence, the [board] has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion. . . . Conclusions of law reached by the [board] must stand if the court determines that they resulted from a correct application of the law to the facts found and could reasonably and logically flow from such facts." (Brackets in original; citations omitted, internal quotation marks omitted.) Rogers v. Board of Education of New Haven, 252 Conn. 753,760-761 (2000).
"Although a board of education considering termination of a tenured teacher's employment contract acts in a quasi-judicial capacity; . . . a board of education is not an administrative agency as defined by the Uniform Administrative Procedure Act (UAPA); General Statutes § 4-166
et seq.; and is not subject to the provisions of the UAPA." (Citations omitted.) Id., 763-64.
 III.
Because the appeal is not subject to the provisions of the UAPA, then it is subject to the rules prescribed for civil actions brought to the court. "Civil actions shall be commenced by legal process consisting of a writ of summons or attachment, describing the parties, the court to which it is returnable, the return day, the date and place for the filing of an appearance and information required by the Office of the Chief Court Administrator. The writ shall be accompanied by the plaintiff's complaint. The writ may run into any judicial district and shall be signed by a commissioner of the Superior Court or a judge or clerk of the court to which it is returnable." General Statutes § 52-45a; see also Practice Book § 8-1(a).[1] It is well settled that "an action is brought once the writ, summons and complaint have been served upon a defendant." Rana v. Ritacco, 236 Conn. 330, 337, 672 A.2d 946 (1996). Furthermore, "[e]xcept in the case of an appeal from an administrative agency governed by section 4-183, a cause or right of action shall not be lost because of the passage of the time limited by law within which the action may be brought, if the process to be served is personally delivered to a state marshal authorized to serve the process and the process is served, as provided by law, within fifteen days of the delivery." General Statutes § 52-593a (a).
Since the action was brought by the plaintiff by serving process on the defendant prior to the expiration of 30 days as mandated by statute, then the plaintiff is found to have timely commenced the action. Therefore, the defendant's Motion to Dismiss is denied. CT Page 11617
 ___________________ Matasavage, Judge.