[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
After five months residence in Connecticut, does this court acquire jurisdiction over an eighteen-month old child whose mother returned with him to Arizona, the state of his birth and early up-bringing? The defendant mother has filed a motion to dismiss the plaintiff father's request that Connecticut retain jurisdiction. It is clear that the court' lacks jurisdiction to hear the custody petition under the Uniform Child Custody Jurisdiction Enforcement Act (UCCJEA), enacted by Connecticut in General Statutes § 46b-115, et seq. Therefore, the motion to dismiss is granted.
The plaintiff, Jason Venditti, filed a custody and visitation petition on November 26, 2001, against the defendant, Julia Plonski, with regard to their minor child, Alex Venditti. The plaintiff argues that Connecticut has jurisdiction over this matter because it is the home state of the child, and, in the alternative, because the child has significant connections to Connecticut as required by § 46b-115k
(a). The defendant filed a motion to dismiss on December 21, 2001, arguing that Connecticut lacks jurisdiction to make an initial custody determination because it is not, and never has been, the home state of the child, and that Arizona is the home state. She has filed a petition for custody and child support in Arizona.
The following facts are relevant to the determination of this jurisdictional issue: The child was born in Arizona on July 15, 2000. The defendant currently resides there with her child and her mother. The defendant argues that she and the child have continuously resided in Arizona since the child's birth, with the exception of five months, from July 2, 2001 — November 26, 2001, when they moved to Connecticut and resided with the plaintiff in his apartment. The defendant argues that this five month period was not permanent and qualifies as a temporary absence from the home state. The plaintiff argues that the defendant intended to permanently stay in Connecticut and that she abruptly left CT Page 1338 the state without notifying him contrary to public policy.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "[A] claim that [the] court lacks subject matter jurisdiction [may be raised] at any time." (Internal quotation marks omitted.) Dowling v. Slotnik, 244 Conn. 781,787, 712 A.2d 396, cert. denied, 525 U.S. 1017, 119 S.Ct. 542,142 L.Ed.2d 451 (1998). "Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it." Demar v. Open Space Conservation Commission, 211 Conn. 416,423-24, 559 A.2d 1103 (1989). "If a court lacks subject matter jurisdiction to hear and determine cases of the general class to which the proceedings in question belong, it is axiomatic that a court also lacks the authority to enter orders pursuant to such proceedings."Speight v. Office of Victim Services, 61 Conn. App. 151, 154-55,763 A.2d 25 (2000). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) CommunityCollaborative of Bridgeport, Inc. v. Ganim, 241 Conn. 546, 552,698 A.2d 245 (1997).
At issue is General Statutes § 46b-115k (a), which provides in relevant part that "a court of this state has jurisdiction to make an initial child custody determination if: (1) This state is the home state of the child on the date of the commencement of the child custody proceeding; (2) This state was the home state of the child within six months of the commencement of the child custody proceeding, the child is absent from the state, and a parent or a person acting as a parent continues to reside in this state; (3) A court of another state does not have jurisdiction under subdivisions (1) or (2) of this subsection, the child and at least one parent or person acting as a parent have a significant connection with this state other than mere physical presence, and there is substantial evidence available in this state concerning the child's care, protection, training and personal relationships. . . ." Furthermore, § 46b-115a (7) defines home state as "the state in which a child lived with a parent or person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding. . . . A period of temporary absence of any such person is counted as part of the period."
There is no question that the minor child was not living in Connecticut for the required six months prior to the commencement of the custody CT Page 1339 proceedings. There is also no question that presently, the defendant and the child are residing in Arizona. Accordingly, either Arizona is the child's home state or there is no home state, in which case the court must look to see which state has the most significant connections to the child. Whether Arizona qualifies as the home state of the child depends upon whether the defendant's five month absence constituted a "temporary absence" as described by the statute.
"It is not uncommon that brief absences for a specific purpose are considered to be "temporary' absences and, hence, included as part of the time during which the child is deemed to have resided in the state of origin, i.e., the state from which the child is absent. . . . The fact that an absence is for a lengthy period of time, as here, does not preclude its characterization as a `temporary absence'. . . . A significant consideration would appear to be the intent which prompted the absence from the state of origin. In other words, when the child and parent or parents left the state of origin in the first instance, did they do so with the intention of remaining away for a defined period of time and then returning? A move with such an intent could well affect (i) the continued maintenance of strong contacts with the state of origin as well as (ii) the extent to which efforts are made to establish roots in and assimilate into the new community." Kleiner v. Kleiner, Superior Court, judicial district of New London at New London, Docket No. 548050 (February 19, 1999, Solomon, J.)
The plaintiff argues that the defendant intended to remain in Connecticut permanently. In support of this proposition he argues that the defendant found full time employment, entered into a one year lease and enrolled the child in a daycare facility. He maintains that she left abruptly without notifying him and moved back in with her mother in Arizona. He maintains that her conduct violates the public policy' behind the PKPA (Parental Kidnapping Prevention Act, 28 U.S.C. § 1738A) and UCCJEA in preventing unilateral abductions. "This court cannot elevate the home state provision of the PKPA to. deny this state jurisdiction under the circumstances here presented since to do so would be to violate both the spirit and the expressly stated purpose of both the PKPA and the UCCJEA and would only encourage parents to flee with children and keep secret their whereabouts for the requisite six month period in order to deprive the original state of subject matter jurisdiction." Kearney v.Hudson, Superior Court, judicial district of Litchfield at Litchfield, Docket No. 082189 (January 22, 2001, Sheedy, J.). The conduct of the defendant in the present case, however, does not rise to the level of egregious conduct that would move the court to waive the statutory requirement in favor of public policy. Furthermore, Connecticut was not the original state and the defendant has not kept her whereabouts secret. The defendant argues that she maintained her residency in Arizona CT Page 1340 with full intention of returning. The child was born there, his pediatrician is there, he is part of a weekly playgroup and has continuously resided with his mother and maternal grandmother since birth in the same home. Moreover, she argues that the child had limited contact with any of the plaintiff's family in Connecticut and no pediatrician, although he was enrolled in a daycare facility during his stay.
Even though the facts may be unclear as to the defendant's permanent intentions, this court does not need-to find that Arizona is in fact the home state of the minor child. Using the significant connections test, it is clear that the child has more tied to Arizona and that jurisdiction should reside in that state. The plaintiff will have full opportunity to contest custody and to present all evidence necessary for a thoughtful custody and visitation determination in that state. Therefore, the motion to dismiss is granted.
The Court
By
CUTSUMPAS, J.