[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Jennifer Madden and Michael Szabo, filed a complaint on September 26, 2001, against the defendant, Kristine Ragaglia, Commissioner of the Department of Children and Families (DCF), seeking access to certain DCF records. The plaintiffs are the subject of an alleged abuse and neglect investigation into the care of their three minor children. Szabo has been arrested and charged with various felony crimes, including sexual assault, arising out of allegations made by persons whose identities and statements have been redacted from the records the plaintiffs have received. The plaintiffs brought this complaint pursuant to General Statutes § 17a-28 (m), alleging that there is reasonable cause to believe that the reporter of the alleged abuse and neglect and alleged sexual assault knowingly made a false report, and that the "interests of justice" require the release of all DCF records relating to the investigation. Specifically, the plaintiffs allege that they have due process rights to respond to the allegations made in connection with the ongoing investigation and that Szabo has a right to any and all exculpatory information in the possession of DCF. The plaintiffs are seeking an in camera inspection of the relevant records, a hearing and a release of all information identifying any individual who reported abuse or neglect and any statements relevant to the abuse and neglect allegations against them or to Szabo's defense of the criminal charges pending against him.
The defendant filed a motion to dismiss on October 24, 2001, on the ground that the court lacks subject matter jurisdiction to hear this matter, arguing that § 17a-28 (m) provides a limited remedy for a person seeking judicial relief in obtaining DCF records and that the court lacks jurisdiction under that statute to grant the sweeping relief the plaintiffs are requesting. She argues that requests for exculpatory information can be properly reviewed in the pending criminal matter. The plaintiffs filed an objection to the motion to dismiss on November 15, 2001.
"A motion to dismiss . . . properly attacks the jurisdiction of the CT Page 2534 court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "[A] claim that [the] court lacks subject matter jurisdiction [may be raised] at any time." (Internal quotation marks omitted.) Dowling v. Slotnik, 244 Conn. 781,787, 712 A.2d 396, cert. denied, 525 U.S. 1017, 119 S.Ct. 542,142 L.Ed.2d 451 (1998). "Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it." Demar v. Open Space Conservation Commission, 211 Conn. 416,423-24, 559 A.2d 1103 (1989). "If a court lacks subject matter jurisdiction to hear and determine cases of the general class to which the proceedings in question belong, it is axiomatic that a court also lacks the authority to enter orders pursuant to such proceedings."Speight v. Office of Victim Services, 61 Conn. App. 151, 154-55,763 A.2d 25 (2000). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented. and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) CommunityCollaborative of Bridgeport, Inc. v. Ganim, 241 Conn. 546, 552,698 A.2d 245 (1997).
At the heart of this controversy is General Statutes § 17a-28 (m), which provides in relevant part that "any person, regardless of age . . . shall have the right of access to any records made, maintained or kept on file by the department . . . when those records pertain to or contain information or materials concerning the person seeking access thereto . . . provided that (1) information identifying an individual who reported abuse or neglect of a person . . . shall not be released unless, upon application to the Superior Court by such person . . . a judge determines, after in camera inspection of relevant records and a hearing, that there is reasonable cause to believe the reporter knowingly made a false report or that other interests of justice require such release. . . ."
The defendant argues that this statute provides a limited remedy for seeking judicial relief in obtaining DCF records. The defendant focuses on the particular language of the statute, which reads "informationidentifying an individual." She argues that the plaintiffs' request exceeds the scope of the statute in seeking "all information identifying any individual who reported abuse or neglect and any other records or statements contained therein which are either necessary or relevant to the plaintiffs' defense of the abuse and neglect allegations made against them by the defendant or relevant and material to the plaintiff, Michael Szabo's defense of the criminal charges pending against him." (Complaint, ¶ 9.) The defendant argues that the court lacks CT Page 2535 jurisdiction under the statute to grant such sweeping relief.
The court agrees with the defendant that the plaintiffs' requests are overly broad but "[t]he proper method to challenge the legal sufficiency of the complaint is to make a motion to strike prior to trial." Gulackv. Gulack, 30 Conn. App. 305, 309 (1993).
The court disagrees with the Commissioner that the court lacks jurisdiction under the statute. The defendant has cited no legal authority for her claim that the superior court lacks jurisdiction to compel her compliance with a statute which mandates her to provide the "right of access to any records made, maintained or kept on file" by her, to any person about whom such records "pertain" or "contain information . . . concerning the person seeking access thereto. . . ." provided the requirements of an in camera review and hearing are met. See C.G.S. § 17a-28 (m).
As to the plaintiff Michael Szabo's right to access, the defendant argues that a criminal case pending in this district relative to the same apparent subject matter as the DCF investigation should be the forum where his right to access is argued, rather than under C.G.S. § 17a-28
(m). The two cases cited, State v. Leduc, 40 Conn. App. 233 (1996) andState v. Kulmac, 230 Conn. 43 (1994) do not discuss this argument. No case or statute in point has been cited to deprive the plaintiff of his right to access under C.G.S. § 17a-28 (m). The motion to dismiss is denied as to both plaintiffs.
____________________ Potter, J.