******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

AMELIA CALES ET AL. *v.* OFFICE
OF VICTIM SERVICES
(SC 19458)

Rogers, C. J., and Palmer, Zarella, Eveleigh, McDonald and Robinson, Js.

*Argued September 16—officially released December 1, 2015*

*Mario Cerame*, with whom were *Patrick Tomasie-wicz* and, on the brief, *Alexandra Crean*, for the appel-lants (plaintiffs).

*Kirsten S. P. Rigney*, assistant attorney general, with whom were *Caitlin M. E. Calder*, assistant attorney

general, and, on the brief, *George Jepsen*, attorney general, for the appellee (defendant).

*Opinion*

EVELEIGH, J. The plaintiffs, Amelia Cales and Rebecca Cales, appeal from the judgment of the trial court dismissing their appeal from the decision of a Victim Compensation Commissioner (commissioner) affirming the decision of the defendant, the Office of Victim Services. On appeal, the plaintiffs claim that the trial court improperly dismissed their appeal on the ground that it lacked subject matter jurisdiction because the plaintiffs did not timely appeal in accordance with General Statutes § 54-211a.[1] Specifically, the plaintiffs claim, inter alia, that they satisfied the requirements of § 54-211a by properly serving a writ of summons and a complaint on the defendant within thirty days of the commissioner's decision. We agree with the plaintiffs and, accordingly, reverse the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of this appeal. The victim in the present case, Kevin Cales, was serving a prison sentence at McDougall-Walker Correctional Institution. While eating a meal, the victim was attacked from behind by another inmate and subsequently died from the injuries he sustained. The plaintiffs, the victim's mother and sister, applied for compensation from the defendant. The defendant declined to compensate the plaintiffs on the ground that the victim's "criminal activity resulted in several deaths, caused him to be imprisoned and provoked a violent response and in that way his behavior directly contributed to his death." Pursuant to General Statutes § 54-205 (b),[2] the plaintiffs requested that the commissioner review the defendant's decision.

The commissioner conducted a hearing on February 19, 2009. On March 9, 2009, the commissioner issued a written decision denying the plaintiffs' applications on the ground that "[t]he record taken as a whole supports a determination that the [v]ictim's behavior provoked a violent response by [a] fellow inmate" noting, in particular, that the victim "was responsible for the death of a member of [that inmate's] family."

On April 8, 2009, the plaintiffs served a writ of summons and a complaint on the defendant. The complaint provides, inter alia, the following: "[P]ursuant to . . . § 54-211a, the [p]laintiffs appeal the [c]ommissioner's decision by way of a demand for a trial de novo before the Superior Court in the judicial district of Hartford . . . ." On April 21, 2009, the plaintiffs filed copies of those documents in the Superior Court.

More than four years later, shortly before trial, the defendant moved to dismiss the plaintiffs' appeal on the ground that the trial court lacked subject matter jurisdiction because the plaintiffs had failed to timely appeal pursuant to § 54-211a. The trial court determined that "[a]lthough the plaintiffs served the [defendant] on

the thirtieth day following the issuance of the decision of the . . . commissioner, served a copy of the appeal papers . . . within the thirty days, they did not file or take the appeal until April 21, 2009, forty-three days after notice of the decision was mailed." Relying on *Speight* v. *Office of Victim Services*, 61 Conn. App. 151, 763 A.2d 25 (2000), the trial court rendered judgment dismissing the plaintiffs' appeal concluding that the plaintiffs had not complied with the requirements of § 54-211a and that, because those requirements are jurisdictional in nature, it lacked subject matter jurisdiction over the plaintiffs' appeal. This appeal followed.[3]

We first set forth general principles of law applicable to this appeal. It is well settled that "[t]here is no absolute right of appeal to the courts from a decision of an administrative agency. . . . Appeals to the courts from administrative [agencies] exist only under statutory authority . . . . Appellate jurisdiction is derived from the . . . statutory provisions by which it is created . . . and can be acquired and exercised only in the manner prescribed. . . . In the absence of statutory authority, therefore, there is no right of appeal from [an agency's] decision . . . ." (Internal quotation marks omitted.) *New England Road, Inc.* v. *Planning & Zoning Commission*, 308 Conn. 180, 183, 61 A.3d 505 (2013).

In the present case, there were no factual disputes related to the question of the trial court's jurisdiction. Instead, on appeal, the plaintiffs assert that the plain language of § 54-211a requires only that the demand for a trial de novo be issued within thirty days of the commissioner's decision and that such a demand can be properly made by serving a writ of summons and a complaint on the defendant. In response, the defendant asserts that the trial court properly determined that § 54-211a requires an appeal to be filed in the Superior Court within thirty days of the commissioner's decision. This appeal, therefore, requires us to construe the requirements of § 54-211a. In conducting this analysis, "we are guided by the well established principle that [i]ssues of statutory construction raise questions of law, over which we exercise plenary review." (Internal quotation marks omitted.) *Financial Consulting, LLC* v. *Commissioner of Insurance*, 315 Conn. 196, 209–10, 105 A.3d 210 (2014); see also *New England Road, Inc.* v. *Planning & Zoning Commission*, supra, 308 Conn. 183 (plenary standard of review applied to questions of law relating to subject matter jurisdiction). We are also guided by the plain meaning rule for statutory construction. See General Statutes § 1-2z.

At the outset, we note that § 54-211a is a statutory waiver of the state's sovereign immunity and, therefore, "must be confined strictly to the extent the statute provides. . . . Where there is any doubt about [the] meaning or intent [of a statute in derogation of sover-

eign immunity, it is] given the effect which makes the least rather than the most change in sovereign immunity." (Citation omitted; internal quotation marks omitted.) *First Union National Bank* v. *Hi Ho Mall Shopping Ventures, Inc.*, 273 Conn. 287, 294, 869 A.2d 1193 (2005). Accordingly, we are mindful that the thirty day statute of limitations for taking an appeal from a decision of the commissioner must be strictly construed, and that the issue in this appeal is whether the plaintiffs' service of process on the defendant within thirty days satisfied the requirements of § 54-211a.

We begin with the relevant statutory text. Section 54-211a provides: "Any applicant aggrieved by an order or decision of a victim compensation commissioner may appeal by way of a demand for a trial de novo to the superior court for the judicial district of Hartford. The appeal shall be taken within thirty days after mailing of the order or decision, or if there is no mailing, within thirty days after personal delivery of such order or decision." The plain language of § 54-211a reveals two distinct requirements: (1) an aggrieved applicant may appeal "by way of" a demand for a trial de novo to the Superior Court; and (2) that an appeal "shall be taken" within thirty days after the mailing or delivery of the decision. Section 54-211a does not, however, define the term "by way of" or "shall be taken . . . ."

A review of other statutes that provide for administrative appeals from other agencies reveals that the statutes typically delineate the specific method by which to appeal. For example, General Statutes § 8-8 (c), which governs certain municipal planning and zoning appeals, provides in relevant part that an "appeal shall be taken within twenty days . . . ." Section 8-8 (f), in turn, specifies the exact manner in which service of legal process for an appeal under that section should be made. Other statutes governing administrative appeals expressly provide that the appeal should be taken in accordance with the procedures outlined in the Uniform Administrative Procedures Act, General Statutes § 4-183 et seq. See, e.g., General Statutes § 22-7 (e) (providing that appeals from decisions of Commissioner of Agriculture imposing civil penalties "shall be subject to appeal as set forth in section 4-183"). Section 54-211a neither provides explicit instructions about the manner in which a party seeking to appeal from a decision of the commissioner is to bring an appeal, nor indicates that such an appeal should be brought pursuant to the Uniform Administrative Procedures Act.

On the basis of our review of the plain language of § 54-211a and other related statutes, we conclude that both parties' proffered interpretations are reasonable and that the statutory scheme is, therefore, ambiguous. Specifically, we deem plausible the defendant's reading of the plain language of § 54-211a that "by way of a demand for a trial de novo to the superior court" means

that a party seeking to appeal from a decision of the commissioner would need to file a demand for a trial de novo in the Superior Court within thirty days. We also find reasonable, however, the plaintiffs' understanding of § 54-211a as requiring the appeal to be taken by service of summons and a complaint on the defendant within the thirty days. Accordingly, pursuant to § 1-2z, we turn to extratextual sources.

The thirty day requirement presently set forth within § 54-211a was added during the overhaul of this state's victim services compensation system in 1993. See Public Acts 1993, No. 93-310, § 11. A review of the legislative history reveals that the thirty day deadline was added into the bill without much comment and with no indication of how a party would satisfy the requirements of § 54-211a. Deputy Speaker Eric Coleman noted as follows: "In [proofreading] the file copy, it was clear that . . . there was no deadline . . . if one was taking an appeal from the decision of the . . . [c]ommissioner into the Superior Court . . . . This was essentially taken out of [the statute governing the Commission on Victim Services] which was subject to the [Uniform Administrative] Procedures Act. We have written in this amendment, a thirty day deadline from the day of the mailing of notice or the personal delivery of the notice." 36 H.R. Proc., Pt. 28, 1993 Sess., p. 9992. Therefore, the legislative history does not provide definitive guidance regarding how the legislature intended a party to comply with the thirty day requirement under § 54-211a.

The fact that § 54-211a provides for an appeal by way of a trial de novo to the Superior Court, however, is instructive. Practice Book § 14-7 (c) provides: "Appeals in which the parties are entitled to a trial de novo, including but not limited to: (1) appeals from municipal boards of tax review or boards of assessment appeals taken pursuant to General Statutes §§ 12-117a and 12-119; (2) appeals from municipal assessors taken pursuant to General Statutes § 12-103; (3) appeals from the commissioner of revenue services; and (4) appeals from the insurance commissioner taken pursuant to General Statutes § 38a-139, are excluded from the procedures prescribed in Section 14-7A and 14-7B, and shall, subsequent to the filing of the appeal, follow the same course of pleading as that followed in ordinary civil actions." Therefore, Practice Book § 14-7 supports the conclusion that an appeal under § 54-211a should be treated as a civil action.

Practice Book § 14-6 also supports the understanding that an administrative appeal is generally a civil action for purposes of the rules of practice. Practice Book § 14-6 provides: "For purposes of these rules, administrative appeals are civil actions subject to the provisions and exclusions of General Statutes § 4-183 et seq. and the Practice Book. Whenever these rules refer to civil actions, actions, civil causes, causes or cases, the refer-

ence shall include administrative appeals except that an administrative appeal shall not be deemed an action for purposes of Section 10-8 of these rules or for General Statutes §§ 52-48, 52-591, 52-592 or 52-593.''

This view is consistent with the way other analogous appeals are treated. For instance, this court has concluded that a tax appeal is a civil action. See *Branford* v. *Santa Barbara*, 294 Conn. 803, 815, 988 A.2d 221 (2010); see also *Director of Health Affairs Policy Planning* v. *Freedom of Information Commission*, 293 Conn. 164, 175, 977 A.2d 148 (2009) (''[W]e note that administrative appeals, which are heard in the first instance in the Superior Court, are deemed to be civil actions only under some circumstances. See Practice Book § 14-6.'').

In determining whether an administrative appeal is a civil action, the court looks to the nature of the appeal provided by the statute. For instance, in rejecting the claim that a workers' compensation appeal is a civil action, this court recognized that the nature of the appeal was intended to be a streamlined approach, unlike a civil action. See *Chieppo* v. *Robert E. McMichael, Inc.*, 169 Conn. 646, 653, 363 A.2d 1085 (rejecting claim that workers' compensation appeal is civil action because legislature had intended to establish ''a speedy, effective and inexpensive method for determining claims'' and that this objective would be frustrated by treating it as ordinary civil action). As Practice Book § 14-7 recognizes, however, an appeal that entitles a party to a trial de novo in the Superior Court already encompasses many of the procedural requirements of a civil action and its purpose would not be frustrated by treating it as a civil action.

On the basis of the foregoing, we conclude that it is appropriate to treat an appeal under § 54-211a as a civil action.[4] General Statutes § 52-45a provides: ''Civil actions shall be commenced by legal process consisting of a writ of summons or attachment, describing the parties, the court to which it is returnable, the return day, the date and place for the filing of an appearance and information required by the Office of the Chief Court Administrator. The writ shall be accompanied by the plaintiff's complaint. The writ may run into any judicial district and shall be signed by a commissioner of the Superior Court or a judge or clerk of the court to which it is returnable.'' General Statutes § 52-91 further provides in relevant part: ''There shall be one form of civil action. The first pleading on the part of the plaintiff shall be known as the complaint and shall contain a statement of the facts constituting the cause of action and, on a separate page of the complaint, a demand for the relief, which shall be a statement of the remedy or remedies sought. . . .''

''In ordinary usage of the term, [a writ of summons is the] original process upon a proper service of which

an action is commenced and the defendant therein named brought within the jurisdiction of the court . . . . A summons is part of a citation. The citation . . . is a command to a duly authorized officer to summon the [defendant] . . . to appear in court on a specific day to answer the [complaint]." (Citation omitted; internal quotation marks omitted.) *Hillman* v. *Greenwich*, 217 Conn. 520, 524–25, 587 A.2d 99 (1991). "In administrative appeals, the citation is the writ of summons that directs the sheriff or some other proper officer to seek out the defendant agency and to summon it to a particular sitting of a particular court on a specified day. . . . The citation, signed by competent authority, is the warrant which bestows upon the officer to whom it is given for service the power and authority to execute its command. . . . A proper citation, therefore, requires not only the signature of a competent authority, such as a commissioner of the Superior Court, but the direction to a competent authority, such as a sheriff, constable or indifferent person, to summon the defendant to appear in court." (Citations omitted; internal quotation marks omitted.) *Tolly* v. *Dept. of Human Resources*, 225 Conn. 13, 18–19, 621 A.2d 719 (1993); see also *Sheehan* v. *Zoning Commission*, 173 Conn. 408, 413, 378 A.2d 519 (1977) (citation is direction to officer to summon agency whose decision is being appealed); 1 R. Bollier et al., Stephenson's Connecticut Civil Procedure (3d Ed. 1997) § 13, p. 23 (same).

Section 54-211a requires that an "appeal shall be taken within thirty days after mailing of the order or decision . . . ." Because we conclude that an appeal under § 54-211a is a civil action, we also conclude that commencing a civil action within thirty days satisfies the requirements of § 54-211a.

In the present case, the commissioner mailed notice of the decision to the plaintiffs on March 9, 2009. Thereafter, the plaintiffs' attorney delivered the summons and complaint to a state marshal. On April 8, 2009, the state marshal left a true and attested copy of the summons and complaint with the Office of the Attorney General in the city of Hartford. The summons and complaint named the defendant. In the complaint, the plaintiffs pleaded the following: "Pursuant to [§] 54-211a, the plaintiffs . . . do hereby demand a trial de novo before the Superior Court for the judicial district of Hartford . . . and any and all other relief as in law or equity to which they may be entitled." The plaintiffs further pleaded the following: "Wherefore, pursuant to . . . § 54-211a, the [p]laintiffs appeal the [c]ommissioner's decision by way of a demand for a trial de novo before the Superior Court in the [j]udicial [d]istrict of Hartford . . . ." The summons was dated April 8, 2009, and contained a return date of April 28, 2009. It was then filed with the Superior Court for the judicial district of Hartford on April 21, 2009. On the basis of these facts, we conclude that the plaintiffs in the present

case commenced the action within thirty days of the commissioner's decision and that such commencement satisfies the requirements of § 54-211a.

In addition to the language of the statute, related statutory provisions, legislative history and previous interpretations of similar statutes, there are also public policy reasons that support our interpretation of § 54-211a. It is undisputed that the purpose underlying the establishment of the defendant was to promote victim's rights, further opportunities for advocacy on behalf of victims of crime, and to deliver other services to crime victims and their families. As stated previously in this opinion, the current version of § 54-211a was adopted in 1993 as part of an overhaul to the victim services compensation system in this state. A review of the legislative history of this amendment reveals that the legislature moved the Commission on Victim Services into the Judicial Branch and, in so doing, created the defendant. The legislative history of the 1993 amendment makes clear that the legislature was undertaking this overhaul because the Commission on Victim Services had had trouble operating and maintaining budgets and its ability to deliver services to victims of crime had been hampered. Conn. Joint Standing Committee Hearings, Judiciary, Pt. 7, 1993 Sess., p. 2319. The newly created agency was developed to "streamline the process of approving victim compensation awards . . . ." 36 H.R. Proc., supra, pp. 9983–84, remarks of Representative Michael Lawlor.

This background establishes the broad remedial purpose behind the creation of the defendant and the enactment of the statutes it is designed to implement. See General Statutes § 54-203 (delineating defendant's powers and duties). As we have explained in other situations involving remedial statutes, "in resolving issues of statutory construction . . . we are mindful that the [Workers' Compensation Act, General Statutes § 31-275 et seq.] indisputably is a remedial statute that should be construed generously to accomplish its purpose. . . . The humanitarian and remedial purposes of the [Workers' Compensation Act] counsel against an overly narrow construction that unduly limits eligibility . . . . Accordingly, [i]n construing [the Workers' Compensation Act], we must resolve statutory ambiguities or lacunae in a manner that will further [its] remedial purpose . . . . [T]he purposes of the [Workers' Compensation Act] itself are best served by allowing the remedial legislation a reasonable sphere of operation considering those purposes." (Internal quotation marks omitted.) *DiNuzzo* v. *Dan Perkins Chevrolet Geo, Inc.*, 294 Conn. 132, 150, 982 A.2d 157 (2009). Our interpretation of § 54-211a, which is consistent with other administrative appeals granting the right to a trial de novo in the Superior Court, is also consistent with public policy because the plaintiffs in the present case reasonably attempted to comply with a vague statutory scheme.

The defendant asserts and the trial court found that this case is controlled by *Speight* v. *Office of Victim Services*, supra, 61 Conn. App. 151. Specifically, the defendant claims that in *Speight*, the Appellate Court concluded that the thirty day requirement in § 54-211a is jurisdictional and that any failure to strictly comply with § 54-211a is fatal to the plaintiff's claim. The trial court agreed with the defendant and found that this case is controlled by *Speight*. We disagree.

In *Speight*, the plaintiff, Terrill Speight, was shot while walking in the city of Stamford and applied to the defendant for compensation. Id., 152. The defendant declined to compensate Speight on the ground that he had "failed to cooperate with law enforcement officials in their efforts to investigate the incident." (Internal quotation marks omitted.) Id., 153. Speight then requested a review of that decision pursuant to § 54-205 (b). Id. On August 17, 1998, after a hearing, the commissioner in that case concluded that Speight was eligible to receive compensation for medical expenses and lost wages. Id. On August 24, 1998, Speight sent a letter to the defendant indicating that he intended to appeal from the commissioner's decision. Id., 154. Approximately, seven months later, on March 18, 1999, Speight appealed from the commissioner's decision to the Superior Court in the judicial district of Hartford. Id. The defendant filed a motion to dismiss Speight's appeal for lack of subject matter jurisdiction on the basis that the appeal was untimely. Id. The trial court not only granted the motion to dismiss, but also entered an order requiring the defendant to pay Speight's medical bills. Id. The Appellate Court reversed the trial court's judgment as to the order, but affirmed it in all other respects. Id., 156.

In reaching its conclusion, the Appellate Court reasoned as follows: "The right to appeal to the courts from [a] decision of an administrative agency exists only if given by statute . . . . Because [a]ppellate jurisdiction is derived from the . . . statutory provisions by which it is created . . . the right to appeal is conditioned upon strict compliance with the provisions by which it is created. . . . Accordingly, [t]he failure to file an appeal from an administrative decision within the time set by statute renders the appeal invalid and deprives the courts of jurisdiction to hear it." (Citations omitted; internal quotation marks omitted.) Id., 155. The Appellate Court further explained as follows: "In the present case, [Speight] failed to comply strictly with the statutory provision that creates the right to appeal from decisions of the . . . commissioner. This provision, § 54-211a, requires that appeals 'be taken within thirty days after mailing of the order or decision, or if there is no mailing, within thirty days after personal delivery of such order or decision.' [Speight], however, did not take his appeal until approximately 210 days

after he received notice of the commissioner's decision. Therefore, the [trial] court did not have jurisdiction to hear it." Id.

We find *Speight* inapposite to the present case. The Appellate Court in *Speight* never addressed the manner in which to comply with § 54-211a. In fact, it is not clear from the Appellate Court opinion how Speight appealed from the decision of the commissioner.[5] The only issue in *Speight* was whether the fact that Speight appealed 210 days after receiving notice of the commissioner's decision deprived the trial court of subject matter jurisdiction. That is not the issue in the present appeal, therefore, we do not find the present appeal controlled by *Speight*.

In the present case, the trial court reasoned that *Speight* was factually similar to the present case because Speight had given notice to the defendant that he intended to appeal by means of a letter to the defendant. Nothing in *Speight*, however, indicates that the Appellate Court even considered Speight's letter to the defendant as a potential method of satisfying the requirements of § 54-211a. Indeed, Speight, who was self-represented, did not file a brief in the Appellate Court and there is no record that he ever claimed that the letter constituted a means of taking the appeal. On the basis of the foregoing, we find *Speight* to be inapplicable to the present appeal, which requires this court to determine whether service of process on the defendant within thirty days from the date the commissioner's decision was mailed satisfies the requirements of § 54-211a.

We conclude that an appeal from a decision of the commissioner pursuant to § 54-211a constitutes a civil action. Therefore, we further conclude that the plaintiffs' service of process on the defendant within thirty days of the mailing of notice of the commissioner's decision satisfies the requirements of § 54-211a. Accordingly, the trial court improperly dismissed the plaintiffs' appeal from the commissioner's decision for lack of subject matter jurisdiction.

The judgment is reversed and the case is remanded with direction to deny the defendant's motion to dismiss and for further proceedings according to law.

In this opinion the other justices concurred.

[1] General Statutes § 54-211a provides: "Any applicant aggrieved by an order or decision of a victim compensation commissioner may appeal by way of a demand for a trial de novo to the superior court for the judicial district of Hartford. The appeal shall be taken within thirty days after mailing of the order or decision, or if there is no mailing, within thirty days after personal delivery of such order or decision."

[2] General Statutes § 54-205 (b) provides: "An applicant may request that a determination made pursuant to subsection (a) of this section be reviewed by a victim compensation commissioner by filing a request for review with the Office of Victim Services, on a form prescribed by the Office of the Chief Court Administrator, within thirty days from mailing of the notice of such determination."

[3] The plaintiffs appealed to the Appellate Court, and we transferred the

appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

[4] "We have attempted in this case to answer the specific question before us and, in the process, to make sense of a complex statutory scheme that presents gaps and internal inconsistencies . . . . We, therefore, urge the legislature to address these gaps and inconsistencies, because this is an area that, to the extent feasible, should be addressed by specific statutory language rather than by judicial interpretation." (Internal quotation marks omitted.) *Finan* v. *Finan*, 287 Conn. 491, 501 n.7, 949 A.2d 468 (2008).

[5] The Appellate Court did, however, state that Speight "appealed from the commissioner's decision" on March 18, 1999. *Speight* v. *Office of Victim Services*, supra, 61 Conn. App. 154. A review of the record in *Speight* indicates that March 18, 1999, was the date process was served on the defendant. Furthermore, the defendant's brief in *Speight* specifically asserted that "[t]here can be no dispute that [Speight] did not initiate his appeal until March 18, 1999, *when it was served* on [the defendant]." (Emphasis added.)